Argued October 4, 1967, affirmed as modified February 14, 1968

DeFOOR, *Respondent, v.* LEMATTA et al,
*Appellants.*

437 P. 2d 107

*Ridgway K. Foley, Jr.,* Portland, argued the cause for appellant. With him on the briefs were Gordon Moore and Mautz, Souther, Spaulding, Kinsey & Williamson, Portland.

*Gerald R. Pullen,* Portland, argued the cause for respondent. With him on the brief were Pullen & Rawls, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

GOODWIN, J.

Ruben DeFoor was killed in 1964 in a helicopter accident in California as the result of the alleged negligence of the pilot, Marvin Lematta, and Columbia Helicopters, Inc., an Oregon corporation.

Both DeFoor and Lematta were Oregon domiciliaries. At the time of the accident Oregon had a "wrongful death" limit of $25,000 (ORS 30.020), while California had no such limit. California had, however, a "willful conduct" guest statute applying to a vehicle owner injured in his own vehicle while it was being driven by another.[1] It was argued that by reason of

---

[1] Cal. Veh. Code § 17158 (West Cum Supp 1967): "No person *riding in or occupying a vehicle owned by him and driven by another person with his permission and no person* who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of the vehicle or against any other person legally liable for the conduct of the driver on account of personal injury to or the death of the *owner*

a California Public Utility Code provision[2] the California guest statute applied to the accident in question. A third California statute also applied to guest passengers in aircraft.[3] Oregon then had a "gross negligence" guest statute applying to aircraft.[4] The trial court refused to give effect to any of the guest statutes. The jury awarded the plaintiff $36,000. The defendants seek reversal under the California guest statutes or, in the alternative, reduction of the judgment to comply with the Oregon wrongful-death limits.

The relevant facts are as follows: DeFoor, who wanted to buy a helicopter for use in his business in Springfield, Oregon, negotiated with Lematta, a vice president of Columbia, for the purchase of a Hughes

---

*or* guest during the ride, unless the plaintiff in any such action establishes that the injury or death proximately resulted from the intoxication or willful misconduct of the driver." (Matter in italics added by amendment in 1961.)

[2] Cal. Pub. Util. Code § 21404 (West 1965): "Subject to Section 21406, the liability of the owner or pilot of an aircraft carrying passengers for injury or death to the passengers is determined by the rules of law applicable to torts on the land or waters of this State, arising out of similar relationships."

[3] Cal. Pub. Util. Code § 21406 (West 1965): "A guest riding in or upon any aircraft without giving compensation, or any other person, does not have any right of action for civil damages against the airman flying the aircraft or against any other person otherwise legally liable for the conduct of the airman, on account of personal injury to, or the death of, the guest during such ride, unless the plaintiff in the action establishes that the injury or death proximately resulted from the intoxication or wilful misconduct of the airman."

[4] ORS 30.115: "No person transported by the owner or operator of a motor vehicle, an aircraft, a watercraft, or other means of conveyance, as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication * * * [definitions]."

helicopter. The contract was made in Oregon. Delivery was to be taken in Culver City, California. The purchaser was an Oregon corporation controlled by DeFoor. As part of the agreement, Lematta was to teach DeFoor to fly the helicopter. DeFoor agreed to meet Lematta in Culver City. The two planned to fly, at DeFoor's expense, to Springfield, Oregon, stopping on the way at DeFoor's ranch near Tonopah, Nevada. The fatal flight deviated from the planned course in that DeFoor requested Lematta to reconnoiter Lake Crowley, on the leeward slope of the Sierra Nevada mountains northwest of Bishop, California, instead of flying directly from Culver City to Tonopah. Lake Crowley lies at an elevation of 6,800 feet and is about 100 airline miles west of Tonopah. The helicopter crashed at an elevation of about 6,000 feet, some twenty miles northwest of Bishop, while headed toward Lake Crowley.

There was evidence from which the jury could have found that a cause of the crash was a "down draft." The record showed that the "Sierra Wave," a form of turbulence prevalent in the area at certain times, is well known to flyers. The jury could have found the pilot negligent in taking insufficient safety precautions for the time and place.

■ Proof of negligence was sufficient to support the judgment, because the relationship of the fliers was not affected by either the Oregon or the California guest statutes. On this point there is no choice-of-law issue.[5]

---

[5] Under the traditional conflicts rule, the substantive law of the place of the tort would control the issue of liability. Casey v. Manson Constr. Co., 247 Or 274, 428 P2d 898 (1967). In *Casey v. Manson Constr. Co.*, after an extended discussion of recent decisions elsewhere, we adopted for tort actions the rule that would

■ The Oregon statute, ORS 30.115, could not bar the plaintiff, because it burdens only the "guest without payment." Under no interpretation of ORS 30.115 could DeFoor be a guest. He was not conferring upon the operator a mere gratuity or social amenity. DeFoor was paying all expenses of the trip, and, through his purchase of the aircraft, for his flying lessons.

Since the California guest statutes also apply only to nonpaying passengers, we hold that they are likewise inapplicable. See *Doyle v. Hamren,* 246 Cal App 2d 733, 739, 55 Cal Rptr 84, 88 (1966); *Whittemore v. Lockheed Aircraft Corp.,* 51 Cal App 2d 605, 125 P2d 531 (1942). At common law, in either state, the plaintiff could recover upon proof of negligence. *Spring v. Liles,* 236 Or 140, 387 P2d 578 (1963); *Doyle v. Hamren,* supra.

The more complex question is whether the Oregon wrongful-death statute applies to this case or whether, as the plaintiff contends, California law governs, thereby permitting recovery of damages without limit as to amount. We hold that Oregon wrongful-death law governs. Under any choice-of-law theory except that which would apply the law of the place of injury without regard to any other considerations, the Oregon wrongful-death law should apply to an action between Oregon domiciliaries in an Oregon court.

In an action brought by an Ohio plaintiff against a California defendant in a California court to recover damages for the wrongful death of an automobile passenger in a collision in Missouri, the California

choose the substantive law of the state having the "most significant relationship with the occurrence and with the parties" as set forth in the Restatement (Second) of Conflict of Laws § 379 (Tent. Draft No. 9, 1964).

court applied the domiciliary wrongful-death law of the plaintiff against the defendant's contention that the law of the place of the injury should apply. *Reich v. Purcell,* 67 Cal2d 551, 432 P2d 727 (1967) (vacating 58 Cal Rptr 800). The California court considered the relevant interests of the respective states in the transaction and in the parties, and held that it would apply the law which most reasonably served the interests of the state having the more substantial interest to be served in the particular litigation. This is substantially the approach taken by this court in *Casey v. Manson Constr. Co.,* supra note 5. Relevant interests which the California court deemed more important to the state of Ohio than to the state of Missouri were the domicile of the plaintiff in Ohio, with the resulting economic implications of damages being distributed in Ohio, and the expressed Ohio policy favoring full recovery to plaintiffs in wrongful-death cases. Since the defendant was not domiciled in Missouri and his automobile was not insured there, and since no judgment recovered against the California defendant in a California court could have an economic impact in Missouri, the court held that no legitimate interest of the state of Missouri would be defeated by applying the law of the domicile of the plaintiff.

 In the case at bar, both the plaintiff and defendant are domiciled in Oregon. Any insurance involved in this litigation was presumably procured in Oregon, with Oregon law given whatever consideration insurers bestow upon law when preparing their contracts. The economic impact upon both plaintiff and defendant of any judgment collected in this state will be felt primarily in this state. To paraphrase the California court,[6] a defendant cannot reasonably complain when

---

[6] Reich v. Purcell, 67 Cal2d at 556, 432 P2d at 731.

compensatory damages are assessed in accordance with the law of his domicile, and a plaintiff cannot reasonably complain when the award is the same as it would have been had the injury occurred at home. Under all the circumstances of this case, the interests of the state of Oregon in providing for recovery against its citizens of damages for the wrongful death of its citizens are fully served by applying the Oregon wrongful-death law, and no significant interest of the state of California is in any way offended.

The judgment below should be modified to conform to ORS 30.020.

Affirmed as modified.