Argued September 12, affirmed October 24, 1978

# TOWER, *Appellant,*
## *v.*
# SCHWABE, *Respondent.*
## (TC A 76-06-07726, SC 25548)

585 P2d 662

J. Bradford Shiley, Portland, argued the cause and filed a brief for appellant.

Elizabeth K. Reeve, Portland, argued the cause for respondent. With her on the brief were James F. Spiekerman, Ridgway K. Foley, Jr., and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before Denecke, Chief Justice, and Holman, Howell, and Lent, Justices.

HOLMAN, J.

.

## HOLMAN, J.

This is an action for damages for personal injuries allegedly suffered by plaintiff while a passenger in a motor vehicle as a result of the negligent acts of defendant driver. Plaintiff appeals from a judgment for defendant entered by the trial court after it sustained a demurrer to plaintiff's complaint and plaintiff refused to plead further.

Plaintiff's complaint alleges that she was a guest passenger in an automobile driven by defendant when a collision occurred in British Columbia causing her injury. Plaintiff did not allege that defendant was grossly negligent or intoxicated while operating the vehicle. For the purposes of the demurrer, plaintiff and defendant entered into a stipulation of facts which stated that plaintiff and defendant were citizens and residents of Oregon, that they left Oregon by automobile for the purpose of a trip to, among other places, British Columbia, and that at the time of the collision they were returning to Oregon. British Columbia does not have a guest passenger statute and therefore a passenger who brings an action against a host under its law need only establish ordinary negligence to recover. In contrast, Oregon has a guest passenger statute which will bar a plaintiff's claim unless the defendant was grossly negligent or intoxicated. ORS 30.115

The issue is whether Oregon law or British Columbia law is applicable. In *Casey v. Manson Constr. Co.,* 247 Or 274, 428 P2d 898 (1967), this court adopted the Restatement (Second) Conflict of Law's "most significant relationship" approach to choice of law problems in the torts area. In *Erwin v. Thomas,* 264 Or 454, 458, 506 P2d 494 (1973), we stated as follows:

> "Where, in the particular factual context, the interests and policies of one state are involved and those of the other are not (or, if they are, they are involved in only a minor way), reason would seem to dictate that the law of the state whose policies and interests are vitally

involved should apply; or, if those of neither state are vitally involved, that the law of the forum should apply * * *."

This would be considered by some authorities as a determination whether a conflict exists and by others as a means of determining a conflict which does exist. See the discussion in *Erwin v. Thomas* preceding the quoted excerpt. In any event, it is necessary to examine the interests and policies involved in the present case of both British Columbia and Oregon for the purpose of determining whether both have a substantial interest because, if one or the other has no such interest, it is unnecessary to proceed further.

By enacting the guest passenger statute, Oregon's legislature reduced the duty of care a driver owes a passenger while they are participating in a host-guest relationship. If tort litigation arises out of this special relationship, the legislature has weighted the law in favor of the defendant driver. This court has identified the policy underlying ORS 30.115 as protection of a generous and hospitable host from being held liable for injuries at the instance of an ungrateful guest. *Duerst v. Limbocker,* 269 Or 252, 256, 525 P2d 99 (1974). This policy of the protection of Oregon hosts, absent countervailing contrary interests of British Columbia outweighing it, applies in the present case no less than it would have applied if the accident had occurred in Oregon.

Plaintiff urges that British Columbia also has a vital interest in having its law apply to the facts of this case. Plaintiff notes that prior to 1969 British Columbia also had a guest passenger statute but that in that year Parliament repealed the statute and reestablished the common law standard of care between motor vehicle drivers and their passengers. Plaintiff argues that the purpose of the repeal was to reestablish a higher standard of conduct for drivers on the streets and highways of British Columbia and that we would defeat the purposes of that repeal if we held

that British Columbia's interest was not "vital" or "substantial."

We begin by noting that it is difficult to ascertain from the record why British Columbia repealed its guest statute since we do not have the legislative history of that action. Considered in the abstract, such a change may be said to serve at least one primary British Columbia interest. It makes it easier for a certain class of injured persons to obtain compensation for the harm they have suffered. Here, British Columbia is legitimately concerned only with the ability of its citizens to obtain compensation for their injuries. Application of Oregon law to a special relationship involving Oregon residents will not offend in a substantial or material way British Columbia's interest in obtaining compensation for its citizens.

Plaintiff argues that raising the standard of care encourages drivers to operate their vehicles more cautiously, thus advancing British Columbia's interest in public safety. We do not believe that British Columbia repealed its guest statute for the purpose of promoting highway safety. In any event, there is little real likelihood that the application of Oregon's lower standard of care in the present circumstance would have any significant influence on driving habits in British Columbia. It is unlikely that a driver's actions will be influenced by a reduction in the standard of care he or she owes to one small portion of the class of potential plaintiffs. The decision in this case does not decide what duty an Oregon driver in British Columbia owes to others outside the car or non-guests within it. British Columbia's abstract interest in highway safety is adequately protected by British Columbia's traffic laws.

It is apparent that Oregon does have an interest in the protection of Oregon hosts whereas British Columbia has little or no interest since the application of Oregon's law will not affect the ability of British Columbia's residents to obtain compensation for their

injuries. Consequently, Oregon law should apply. *Erwin v. Thomas, supra.*

There are two similar decisions in Oregon. The first is *DeFoor v. Lematta,* 249 Or 116, 437 P2d 107 (1968). The issue was whether the wrongful death statute of Oregon or California was applicable. The parties were both residents of Oregon and went to California to pick up a helicopter to fly back to Oregon via Nevada. While still in California the craft crashed because of the negligence of the defendant who was the operator. This court held the Oregon statute applicable.

The second case is *Myers v. Cessna Aircraft,* 275 Or 501, 514-16, 553 P2d 355 (1976). Plaintiff was killed in the crash of a light airplane which was negligently modified by defendant. The issue was the applicable statute of limitations. The trip originated and was to have ended in Oregon where decedent and his family resided and where the aircraft was owned and chartered. The defendant was a resident of Washington and performed the modifications of the aircraft there. The accident occurred in British Columbia. The statute of limitations was identical in both Washington and Oregon and this court held that the statute in British Columbia was not applicable.

Plaintiff urges that we apply the "better rule of law" in making a choice of law decision and that the British Columbia rule is the "better" rule. It is obvious that such a criterion for choice of law would result in the application of the law of the forum in each case because every forum thinks it has created the best rule of law; otherwise, it would not have established the rule.

The judgment of the trial court is affirmed.