Petition for review filed August 15, petition
for review allowed, decision of Court of Appeals affirmed
September 11, 1979

STATE OF OREGON, *Petitioner,*

*v.*

DONALD LEE SIMS,*Respondent.*

(TC C7708 11094, CA 9398, SC 26417)

599 P2d 461

James A. Redden, Attorney General, Salem, Walter L. Barrie, Solicitor General, and Melinda L. Bruce, Assistant Attorney General, on the petition.

No appearance contra.

MEMORANDUM OPINION.

## MEMORANDUM OPINION.

The state asks us to review a decision of the Court of Appeals which, following our decision in *State v. Roper,* 286 Or 621, 595 P2d 1247 (1979), reversed defendant's conviction for the same conspiracy involved in Roper's case. *State v. Sims,* 41 Or App 109, 597 P2d 377 (1979). The state's petition for review does not attempt to differentiate this defendant's case from Roper's. Rather, the state urges a new argument not originally made in either case but later presented in a petition for rehearing in *State v. Roper, supra,* and now in this petition. We allow the petition for review and affirm the decision of the Court of Appeals.

Roper and Sims were indicted with four others for agreeing in Multnomah County to commit a robbery but were tried separately. They moved for judgments of acquittal for failure to prove venue, on the ground that the evidence showed that they agreed to the robbery, if at all, in Clackamas County rather than in Multnomah County. In Roper's case we stated that when an indictment charges that a criminal agreement was made in a certain county, a conviction cannot rest on proof that the agreement was made in a different county and only subsequent acts occurred in the county where the making of the agreement is alleged, nor would evidence of an agreement in Multnomah County among coconspirators other than defendant make his offense one committed in that county. We concluded that this result of the indictment followed from Oregon's guarantee of a trial "in the county in which the offense shall have been committed," Or Const art I, § 11, after the 1971 revision of the criminal code defined the offense of conspiracy as merely the agreement to engage in criminal conduct, removing from this offense the previously required element of an act to carry the agreement into effect. 286 Or at 624-625.

The state now asks us to reconsider this holding, arguing that the prior agreement in Multnomah

County among defendant's coconspirators made this defendant's offense one "committed" in that county by virtue of ORS 161.455. Upon examining the origin and function of that section, we do not find the argument persuasive.

ORS 161.455 provides:

> "If a person is guilty of conspiracy, as defined in ORS 161.450, and knows that a person with whom he conspires to commit a crime has conspired or will conspire with another person or persons to commit the same crime, he is guilty of conspiring with such other person or persons, whether or not he knows their identity, to commit such crime."

The section is copied from subsection (2) of the American Law Institute's Model Penal Code section 5.03, that code's comprehensive treatment of the offense of conspiracy. The commentary accompanying the revision of the Oregon criminal code states that ORS 161.455 "extends the party dimension of a defendant's conspiracy," but it does not explain the purpose or practical significance of so extending "the party dimension." Commentary, Proposed Oregon Criminal Code 60-62, § 60 (1970). The Oregon commentary merely repeats the opening sentences of the commentary to Model Penal Code section 5.03(2). The full Model Penal Code commentary explains that the provision is concerned with "the propriety of joint prosecution, admissibility against a defendant of the hearsay acts and declarations of others, questions of multiple prosecution or conviction and double jeopardy, satisfaction of the overt act requirement or statutes of limitation or rules of jurisdiction and venue, and possibly also liability for substantive crimes

executed pursuant to the conspiracy." ALI Model Penal Code 118 (Tent. Draft No. 10, 1960) (comments on § 5.03).

Our present concern, of course, is with the significance of the so-called "party dimension" for venue. On that question, the Model Penal Code is clear. Its commentary states that the "parties" section is designed to facilitate joinder of prosecutions "[s]ubject to the limitations regarding venue . . . expressed in Subsection(4)(b)." *Id.* at 119. And in this subsection, § 5.03(4)(b), the Model Penal Code provides that

"(i) no defendant shall be charged with a conspiracy in any county other than one in which he entered into such conspiracy or in which an overt act pursuant to such conspiracy was done by him or by a person with whom he conspired."

This venue provision is consistent with the logic of the Model Penal Code's approach to the crime of conspiracy, which retained the overt act as a necessary element. But it is precisely the elimination of this element in the Oregon codification that led to our holding that the county "in which the offense shall have been committed," Or Const art I, § 11, is the county where the defendant agreed to the criminal enterprise.[1]

---

[1] The state also argues that we should have interpreted article I, section 11 by reference to federal cases on venue under the fifth amendment, citing *State v. Flores,* 280 Or 273, 570 P2d 965 (1977). But that case involved warrantless police searches and seizures, in which the court has thought that the practical advantages of uniformity justified following fourth amendment precedents unless there is a "persuasive reason" for a different rule in Oregon. *State v. Flores, supra,* at 279, *State v. Greene,* 285 Or 337, 339, 591 P2d 1362 (1979). It does not state a general rule for the interpretation of Oregon constitutional provisions. *Cf., e.g., Wheeler v. Green,* 286 Or 99, 593 P2d 777 (1979); *Tharalson v. State Dept. of Rev.,* 281 Or 9, 573 P2d 298 (1978); *Brown v. Multnomah County Dist. Court,* 280 Or 95, 570 P2d 52 (1977); *Deras v. Myers,* 272 Or 47, 535 P2d 541 (1975); *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972); *Dickman v. School Dist. 62C,* 232 Or 238, 366 P2d 533 (1962).

In *State v. Roper, supra,* we noted that Oregon is among the minority of states whose constitutions specify trial in the county in which the offense is committed. We also noted that this would not prevent venue in more than one county in a conspiracy case if the defendant's negotiations or other communications alleged to constitute the criminal agreement occurred in more than one county or across county lines. 286 Or 621 at 627-629 and note 4.

[353]

In short, since the source from which ORS 161.455 was copied makes it clear that the objective of facilitating joinder of defendants in a conspiracy prosecution was to be subordinated to the rules governing venue, this section does not contradict our conclusion in *State v. Roper, supra.*

Petition for review allowed; decision of Court of Appeals affirmed.