On appellant's reconsideration filed March 25, former opinion filed January 1 (50 Or App 39, 622 P2d 731); former opinion modified; remanded for further proceedings June 8, 1981

LONG,
*Respondent,*
*v.*
STORMS et al,
*Appellants.*

(No. A7902-00713, CA 15328)

629 P2d 827

Douglas D. Hagen, and Kafoury & Hagen, Portland, for petition.

Before Joseph, Chief Judge, and Thornton and Warden, Judges.

WARDEN, J.

## WARDEN, J.

Defendants request review of our decision denying their petition for an award of attorney fees on appeal. They rely on the fact that they were successful on appeal in enforcing their rights under the Truth In Lending Act (TILA). 15 USC § 1640. In our opinion reversing the trial court we found that they were entitled "to the statutory penalty provided in 15 U.S.C. § 1640 and to reasonable attorney fees under 15 U.S.C. § 1640." *Long v. Storms,* 50 Or App 39, 53, 622 P2d 731 (1981). We denied defendants an award of attorney fees on appeal because the federal statute does not specifically provide for attorney fees *on appeal. Richards v. Watrous,* 287 Or 345, 599 P2d 461 (1979).

Although the federal statute does not specifically provide for an award of attorney fees on appeal, federal appeals courts have found that parties who prevailed on appeal were entitled to attorney fees for services rendered on appeal. *Ljepava v. MLSC Properties, Inc.,* 511 F2d 935 (9th Cir 1975); *McGowan v. King, Inc.,* 569 F2d 845 (5th Cir 1978); *see* Annot., 29 ALR Fed 906 (1976). Both *Ljepava* and *King* were remanded back to the respective district courts for the determination of the amount of attorney fees to be awarded.

Whether attorney fees are recoverable in Oregon courts in actions brought under the TILA depends upon whether the right to attorney fees is a matter of substantive, as opposed to procedural, law. Substantive law is that part of the law which creates, defines and regulates rights; procedural law is that which prescribes the method of enforcing a right or obtaining redress for its invasion. *Matter of Maricopa County, Etc.,* 122 Ariz 279 (App.), 594 P2d 533 (1978). The TILA created a right in parties successfully enforcing liabilities under the Act to recover attorney fees in addition to their costs. Without the statutory provision there would be no such right. In *Seattle-First National Bank v. Schriber,* 51 Or App 441, 448, 625 P2d 1370 (1981), we held that awarding attorney fees pursuant to ORS 20.096 was a matter of substantive right, because such fees were not "merely costs incidental to judicial administration." We relied for that ruling on the Supreme Court's

decision in *Gorman v. Boyer,* 274 Or 467, 547 P2d 123 (1976). Under the TILA, the allowance of attorney fees is in addition to and not a part of costs. We conclude, therefore, that the right to attorney fees under the TILA is a matter of federal substantive law. Federal substantive law applies to a state court action brought under a federal statute, as in this case. *Staples v. Union Pacific RR Co.,* 265 Or 153, 508 P2d 426 (1973).

We now hold that in successful actions to enforce civil penalties under the TILA, the prevailing party may recover as a part of his attorney fees a reasonable amount for services rendered on appeal. We adhere to our former decision denying an award of attorney fees on appeal *by this court.* We remand to the trial court for determination of the amount of attorney fees to be awarded. *Seal v. Polehn and Vancil,* 52 Or App 389, 628 P2d 746 (1981). The trial court shall determine the amount of fee to be awarded in accordance with the principles set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F2d 714, 717-719 (5th Cir 1974). *McGowan v. King, Inc., supra.*

Former opinion modified; remanded for further proceedings.