Argued and submitted June 5, reversed and remanded September 27, reconsideration denied November 17, petition for review denied December 12, 1989 (308 Or 608)

DABBS et al,
*Appellants,*

*v.*

SILVER EAGLE MANUFACTURING CO., INC.,
*Respondent.*

(A 8806-03300; CA A50032)

779 P2d 1104

Jeffrey P. Foote, Portland, argued the cause and filed the briefs for appellants.

Charles F. Hinkle, Portland, argued the cause for respondent. On the brief were Charles F. Adams, Maryann Yelnosky-Smith and Stoel Rives Boley Jones & Grey, Portland.

Before Deits, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiffs appeal from a judgment dismissing their complaint. The trial court concluded that their claim brought in Oregon is barred by the Tennessee Statute of Limitations. We reverse.

Plaintiffs, Tennessee residents, filed a product liability claim against defendant, an Oregon corporation, for personal injuries stemming from an alleged defect in a product designed and manufactured by defendant in Oregon. The injury occurred in Tennessee. The product had been sold by defendant to plaintiff Terry Dabbs'[1] employer in Tennessee. Plaintiffs' claim was filed within Oregon's two-year Statute of Limitations,[2] but beyond Tennessee's one-year limitation.[3]

When the complaint was filed,[4] Oregon used a two-step analysis regarding tort choice of law issues. The first step is to determine if there *is* a choice of law issue. In *Erwin v. Thomas,* 264 Or 454, 457, 506 P2d 494 (1973), the court said that there is no true choice of law issue if, in a particular factual context, the interests and policies of one state are

---

[1] Plaintiff Terry Dabbs alleges that he was injured on June 20, 1986, while working as a truck driver and using a converter dolly manufactured by defendant. Plaintiff Kay Dabbs' claim is for loss of services and consortium arising from Terry's injuries. They filed their claims in Oregon on June 17, 1988.

[2] ORS 30.905(2) states:

"Except as provided in ORS 30.907, a product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs."

[3] Tennessee Code Annotated, § 28-3-104 states:

"For the purpose of this section, insofar as products liability cases are concerned, the cause of action for injury to the person shall accrue on the date of the personal injury, not the date of the negligence or the sale of a product, and in said products liability cases no person shall be deprived of his right to maintain his cause of action until one (1) year from the date of his injury, and under no circumstances shall his cause of action be barred before he sustains an injury."

[4] The 1987 Oregon legislature adopted the Uniform Conflict of Laws - Limitation Act (ORS 12.410 to ORS 12.480). ORS 12.430(1)(a) provides:

"Except as provided by ORS 12.450, if a claim is substantially based:

"(a) Upon the law of one other state, the limitation period of that state applies."

ORS 12.460 provides, in part:

"ORS 12.410 to 12.480 applies to claims:

"(1) Accruing after January 1, 1988."

The statute does not apply in this case.

involved and those of the other are not or are involved in only a minor way.[5] *See also Tower v. Schwabe,* 284 Or 105, 108, 585 P2d 662 (1978); *Fisher v. Huck,* 50 Or App 635, 624 P2d 177, *rev dismissed* 291 Or 566 (1981). If both states have substantial interests in having their law applied, the next step is to determine which has the most "significant relationship" and then to apply that state's law.

In *Myers v. Cessna Aircraft,* 275 Or 501, 514, 553 P2d 355 (1976), the plaintiff's decedent, an Oregon resident, was killed in an airplane accident in British Columbia. The defendant was a Washington resident who had modified the airplane in Washington. The limitation period was identical in Washington and Oregon and neither, if applicable, would have barred the claim. The Statute of Limitations in British Columbia would have barred the claim. The court held that, because there was no conflict between Washington and Oregon law, those contacts should be considered jointly. It concluded that British Columbia had no substantial interest in having its statute prevent the maintenance of the action and, thus, the trial court did not err in applying Oregon law.[6]

---

[5] In *Erwin,* the court said:

"Our confidence in any set body of rules as an all-encompassing and readily applicable means of solution to conflict cases is not so great that we desire to undertake the application of such rules except in situations where the policies and interests of the respective states are in substantial opposition. We see no such conflict here and therefore find it unnecessary to resort to any such set of rules. We are little concerned whether we are presented with a false conflict or with an actual conflict capable of solution by resorting to our analysis of the interest and policies of the respective states." 264 Or at 461.

[6] *Myers* cites *Restatement (Second) Conflict of Laws* §§ 142, 143 (1971), but concluded that British Columbia had no substantial interest in having its limitation period bar the claim.

Section 142 provides:

"(1) An action will not be maintained if it is barred by the Statute of Limitations of the forum, including a provision borrowing the Statute of Limitations of another state.

"(2) An action will be maintained if it is not barred by the Statute of Limitations of the forum, even though it would be barred by the Statute of Limitations of another state, except as stated in § 143."

Section 143 provides:

"An action will not be entertained in another state if it is barred in the state of the otherwise applicable law by a Statute of Limitations which bars the right and not merely the remedy."

Section 142 was amended in 1988 to omit the requirement that the statute of limitations in the non-forum state must bar both the right and remedy before it can be the appropriate choice of law. We need not decide whether the amended version is consistent with Oregon law.

■     Our threshold analysis is whether there is a choice of law issue between the Oregon and Tennessee limitations. That determination is made by comparing the interests and policies of the respective states. The Tennessee limitation is fixed by the Tennessee Products Liability Act, which contains a comprehensive approach intended to alleviate the supposed rising cost of insuring against products liability claims in Tennessee. *Tennessee Products Liability Act of 1978,* ch 703, § 1 (1978) Tenn Pub Acts 468. Historically, statutes of limitations in Tennessee have been held to give defendants a defense to a claim as a vested right. *See Ford Motor Company v. Moulton,* 511 SW2d 690 (Tenn 1974), *cert den* 419 US 870, 42 LEd2d 109, 95 S Ct 129 (1974); *Girdner, et al v. Stephens,* 48 Tenn 280 (1870). In this case, no Tennessee defendant will have to respond in damages. Tennessee could have little concern whether the residents of other states are required to respond to product liability claims and would presumably have little interest in denying recovery to its own residents in other states. Tennessee may also have an interest in having the Oregon Statute of Limitation applied because it creates a possible recovery pursuant to a workers' compensation third party claim. There is no choice to be made. ORS 30.905(2) controls. *Tower v. Schwabe, supra.*

Reversed and remanded.