Argued and submitted June 10, affirmed August 10, petition for review denied
November 29, 1994 (320 Or 407)

David CROPP
and Orilla Mae Cropp,
husband and wife,
*Appellants,*

*v.*

INTERSTATE DISTRIBUTOR CO.,
a Washington corporation,
and Robert Edward Rust,
*Respondents.*

(92-1255-L3; CA A79549)

880 P2d 464

Thomas W. Brown argued the cause for appellants. With him on the briefs was Cosgrave, Vergeer & Kester.

Janet M. Schroer argued the cause for respondents. With her on the brief was Hoffman, Hart & Wagner.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

Rossman, P. J., dissenting.

## De MUNIZ, J.

Plaintiffs brought this action against defendants seeking money damages for personal injuries and property damage that they sustained when a truck, owned by defendant Interstate Distributor Company (Interstate) and operated by defendant Rust, collided with their parked truck in California. Plaintiffs appeal from a summary judgment that their action was barred by California's one-year statute of limitations. We affirm.

Summary judgment is appropriate when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. ORCP 47C; *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978). We view the evidence and all reasonable inferences that can be drawn therefrom in the light most favorable to the nonmoving party. *Stevens v. Bispham*, 316 Or 221, 223, 851 P2d 556 (1993). The question is whether the statute of limitations of Oregon or California governs this action.

Plaintiffs are self-employed truck drivers. They live in Gervais, Oregon, which is also their principal place of business. In 1990, they worked in Oregon, Washington, California, Nevada and Arizona. Rust is a resident of Nevada and an employee of Interstate. He works mainly in California, but also works in Colorado, Wyoming, Montana, Washington and Oregon. He works in Oregon about twice a month and uses Interstate's maintenance and fueling facility in Wilsonville, Oregon. Occasionally, he uses another company's facility in White City, Oregon. Interstate is a Washington corporation with its principal office in Tacoma. It transacts most of its business in California.

On December 18, 1990, plaintiffs were returning to Oregon with a load of lime from Napa Valley, California. Near Doyle, California, they pulled to the side of Highway 395 to change drivers. Rust was also traveling on Highway 395, transporting merchandise north in an Interstate truck. His truck struck plaintiffs' parked truck.

Plaintiffs retained counsel within one month of the accident. They began, but did not complete, the process of filing a lawsuit in Washington. Instead, in April, 1992, they

filed this action, and the trial court granted summary judgment for defendants.

In their two assignments of error, which challenge the granting of defendants' motion for summary judgment and the denial of their motion for partial summary judgment, plaintiffs assert that the trial court erred in concluding that, because the "greater contacts are outside of Oregon," California's one-year statute of limitations, California Civil Code section 340(3),[1] applied and barred plaintiffs' claims. Plaintiffs assert that Oregon's two-year statute of limitations, ORS 12.110(1),[2] applies to their personal injury claims, because only Oregon has a substantial interest in having its law applied, and, thus, there is no conflict of laws issue. Alternatively, they assert that ORS 12.110(1) applies according to Oregon tort conflict of laws rules.

We begin with the requirements of ORS 12.430 in the Uniform Conflict of Laws-Limitations Act:

"(1) Except as provided by ORS 12.450, if a claim is substantively based:

"(a) Upon the law of one other state, the limitation period of that state applies; or

"(b) Upon the law of more than one state, the limitation period of one of those states, chosen by the law of conflict of laws of this state, applies.

"(2) The limitation period of this state applies to all other claims."

Section 1 indicates that, to determine which statute of limitations applies, we must decide which state's substantive law forms the basis of plaintiffs' claims. If only one state's substantive law could form the basis of plaintiffs' claims, we apply that state's statute of limitations. ORS 12.430(1)(a).

---

[1] Section 340 provides, in part:

"Within one year:

"* * * * *

"3. * * * An action for * * * injury to or for the death of one caused by the wrongful act or neglect of another [must be commenced] * * *."

[2] ORS 12.110(1) provides, in part:

"An action * * * for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years * * *."

Alternatively, if plaintiffs' claims could be based on more than one state's substantive law, we use our conflict of laws rules to determine the applicable substantive law and apply the corresponding statute of limitations. ORS 12.430(1)(b). In short, the statute requires us to apply the statute of limitations that corresponds to the substantive law forming the basis of plaintiffs' claims. *See* Commissioner's Comment, 12 *Uniform Laws Annotated*, § 2 at 63 (Supp 1994).

Substantive law creates, defines and regulates parties' rights. *Long v. Storms*, 52 Or App 685, 687, 629 P2d 827 (1981). Plaintiffs allege that Rust was negligent in failing to keep a proper lookout, failing to keep his vehicle under control, driving his truck at a speed that was greater than reasonable and prudent under the circumstances and operating his truck "in violation of PUC regulations." Those allegations concern the parties' rights and responsibilities in operating motor vehicles on highways in California. California law, including its Vehicle Code, defines and regulates those rights. Cal Veh Code § 21000 *et seq*. Oregon motor vehicle laws do not define or regulate the operation of motor vehicles in California and thus have no bearing on plaintiffs' claims. Therefore, we conclude that those claims are substantively based on California law only.[3] Accordingly, California's one-year statute of limitations applies and bars plaintiffs' claims. ORS 12.430(1)(a); *see Hein v. Taco Bell*, 60 Wash App 325, 333, 803 P2d 329 (1991). The trial court did not err in granting defendants' motion for summary judgment and denying plaintiffs' motion for partial summary judgment.

Affirmed.

**ROSSMAN, P. J.,** dissenting.

The question of which state's tort laws apply for the purpose of determining whether the claims are subject to Oregon's or California's statute of limitations is not as simple

---

[3] The dissent erroneously concludes that Oregon's substantive law is applicable because of Oregon's "substantial interest" and California's "negligible interest" in the outcome of the case. As stated above, the proper inquiry, under ORS 12.430, is what law forms the substantive basis of the claims, not which state has a more substantial interest in the application of its law. The dissent criticizes us for concluding that plaintiffs' claims are substantively based on California law. It concludes that Oregon's limitation period applies, but never explains how plaintiffs' claims could be substantively based on Oregon law.

as the majority would make it appear. The majority bypasses most of the analysis that is relevant to the determination and for that reason overlooks crucial considerations that would require a different result. I am persuaded that plaintiffs have presented the correct methodology for analyzing this case, and that it requires a determination that Oregon's two-year limitation period is applicable. Accordingly, I dissent.

ORS 12.430 provides:

"(1) Except as provided by ORS 12.450, if a claim is substantively based:

"(a) Upon the law of one other state, the limitation period of that state applies; or

"(b) Upon the law of more than one state, the limitation period of one of those states, chosen by the law of conflicts of laws of this state, applies.

"(2) The limitation period of this state applies to all other claims."

I agree with the majority that the answer to this case depends on which state's substantive law governs the claims. Determining, in turn, whether the claims are based on the substantive law of Oregon or California requires a choice of law analysis, which the majority does not make. I disagree with the majority's view that the claims here are based on the substantive law of the State of California because the accident took place there. Under a choice of law analysis, I would conclude that plaintiff's tort claims are substantively based only on the law of Oregon. Accordingly, I would conclude that, pursuant to ORS 12.430(2), Oregon's statute of limitations applies.

Although, under traditional conflicts rules, the substantive law of the place of the tort would control the issue of liability, in *Casey v. Mason Constr. Co.*, 247 Or 274, 428 P2d 898 (1967), the Supreme Court adopted a rule that chooses the substantive law of the state having the "most significant relationship with the occurrence and with the parties," as set forth in the *Restatement (Second) of Conflicts of Laws* § 379 (1971). The following choice of law methodology, derived from the cases, is helpful:

QUESTION (1): Is there an actual conflict between Oregon law and the claimed applicable law of another state? If

the answer is no, then Oregon law applies. If the answer is yes, then go to (2).

QUESTION (2):  Does Oregon have a substantial interest in the outcome of the disputed issue?

QUESTION (3):  Does the other state have a substantial interest in the outcome of the disputed issue? If the answers to (2) and (3) are no, then Oregon law applies. If the answer to (2) is yes, but the answer to (3) is no, then Oregon law applies. If the answers to (2) and (3) are no and yes respectively, then the law of the other state applies. If the answers to (2) and (3) are yes, then go to (4).

QUESTION (4):  As between Oregon and the other state, which state has the greatest interest in the outcome of the dispute? The law of the state chosen in (4) is the applicable law.

For there to be a choice of law issue, there must be a choice to make. Oregon law and another state's law must be different *on the disputed issue. DeFoor v. Lamatta,* 249 Or 116, 119, 437 P2d 107 (1968). Here, there are two different laws on the disputed issue of whether plaintiffs' personal injury claims were timely filed. In Oregon, plaintiffs had to file their action within two years of December 18, 1990. ORS 12.110(1). In California, plaintiffs had to file their action within one year. Cal Civ Proc Code § 340(3). Thus, the answer to question (1), whether there is an actual conflict between Oregon and California law, is yes.

Even if there is a difference between Oregon law and the law of the other state on the disputed issue, there is no choice of law issue unless *both* states have a substantial interest in having their law apply. *Tower v. Schwabe,* 284 Or 105, 108, 585 P2d 662 (1978). Whether a state has a substantial interest in having its law applied to a disputed issue involves identifying that state's interests in the case, *Dabbs v. Silver Eagle Manufacturing Co., Inc.,* 98 Or App 581, 583, 779 P2d 1104, *rev den* 308 Or 608 (1989), and an examination of the policy behind the state's law on the disputed issue and how that policy would be affected by application or non-application of its law in the case. *Tower v. Schwabe, supra,* 284 Or at 107.

Perhaps one of the strongest interests that a state can have in a case arises when the parties to the dispute are residents of the state or are to be regarded as such. *See DeFoor v. Lematta, supra,* 249 Or 120. Here, plaintiffs are Oregonians. Additionally, defendants are considered to be Oregon domiciliaries. According to the *Restatement (Second) Conflicts of Law* § 145, *comment* i (1971), when certain contacts involving a tort are located in two or more states with identical local law rules on the issue in question, then the case will be treated, for choice-of-law purposes, as if those contacts were grouped in a single state. Nevada, where Rust lived, and Washington, where Interstate was incorporated and had its principal place of business, each have personal injury statutes of limitations equal to or longer than ORS 12.110(1). Accordingly, for purposes of resolving the conflict, defendants are considered to be Oregon domiciliaries. *See Myers v. Cessna Aircraft,* 275 Or 501, 515, 533 P2d 355 (1976). Additionally, part of the conduct related to the accident—the freight contracts and dispatch instructions—occurred in Oregon, Nevada and Washington, each of which have statutes of limitations similar to ORS 12.110(1). Therefore, at least in part, the conduct causing plaintiffs' personal injuries is considered to have occurred in Oregon. *Myers v. Cessna Aircraft, supra.* The economic consequences of plaintiff's recovery or lack of recovery would be felt in Oregon, not California. *See DeFoor v. Lematta, supra,* 249 Or at 121. Finally, defendants do business in Oregon. *DeFoor v. Lematta, supra,* 249 Or at 121. All of those factors require the conclusion that Oregon has a substantial interest in the outcome of the disputed issue.

In contrast, the relevant factors show that any interest that California has in the outcome of the dispute is, at best, minor. Neither plaintiffs nor defendants are, or are considered to be, California domiciliaries for the purpose of resolving the conflict. The majority's holding seems to be based primarily on its view that, because the allegations of the complaint concern the parties' rights and responsibilities in operating motor vehicles on the highways, only California substantive law is implicated. Although California has an interest in maintaining traffic safety in its state, that interest is met by enforcement of its traffic laws. *See Tower v. Schwabe, supra.* As between California and Oregon, the only

relationship that California has to this action is the entirely fortuitous event that it happened to be the site of the crash. That in itself is not a substantial interest. *See Myers v. Cessna Aircraft, supra*, 275 Or at 516. Additionally, the economic impact of denying plaintiffs the right to recover on their personal injury claims would not be felt in California. *Tower v. Schwabe, supra*, 284 Or at 109. Finally, the purpose underlying California's one-year statute of limitations, to make sure that tort claims are brought before they become stale, *Howe v. Pioneer Manufacturing Company*, 262 Cal App 2d 330, 68 Cal Rptr 617 (1968), would not be frustrated by application of Oregon's two-year limitation period. California simply has no substantial interest that would be offended by applying Oregon's statute of limitations to a California automobile accident that does not involve California residents.

In short, the important contacts — where the parties live or are deemed to live and the economic impact of the litigation — are Oregon contacts. *See Tower v. Schwabe, supra*, 284 Or at 105; *Myers v. Cessna Aircraft, supra*, 275 Or at 501; *De Foor v. Lematta, supra*, 249 Or at 116. The less consequential contact — where the accident occurred — is a California contact. *See Myers v. Cessna Aircraft, supra*, 275 Or at 516. I would conclude that that contact does not create a substantial interest in California. Accordingly, I would conclude that the answers to (2) and (3) are yes and no, respectively, and that Oregon substantive law therefore applies.

When a true conflict exists, *i.e.*, when both Oregon and the other state have a substantial interest in the outcome of the disputed issue, then the question becomes which state has the greater interest — the most "significant relationship" to the case. Because I would conclude that California has no substantial interest in the outcome of the case, and that therefore there is no true conflict, I would not reach question (4).

The majority is misdirected by its assumption that, because the accident occurred on California's highways, California substantive law necessarily applies to the entire case. That conclusion begs the question. A complete analysis of all the factors relevant to the question of which state's substantive law applies can lead to only one result: Because of Oregon's substantial interest in the outcome of this case and

California's negligible interest, Oregon's substantive law is applicable and, pursuant to ORS 12.430(2), so is its two-year statute of limitations.