891 F.Supp. 551 (1995)
Linda FROSTY, Personal Representative of the Estate of Dannie Wayne Frosty, deceased, Plaintiff,
v.
TEXTRON, INC., a Delaware Corporation, and Bell Helicopter Services, Inc., a Deleware Corporation and Bell Helicopter Textron, Inc., a Delaware Corporation, Defendants.
Civ. No. 94-6296-TC.
United States District Court, D. Oregon.
May 22, 1995.
*552 Charles A. Ringo, Beaverton, OR Jake Johnson, Johnson Law Firm, Houston, TX, for plaintiff.
Frederick M. Meyers, Mills Cogan Meyers & Swartling, Seattle, WA, Jonathan M. Hoffman, Martin Bischoff Templeton Langslet & Hoffman, Portland, OR, for defendants.

ORDER
COFFIN, United States Magistrate Judge:
This is a product liability action arising from the crash of a helicopter operated by plaintiff's decedent. Jurisdiction is based on diversity of citizenship. Presently before this court is defendants' motion for summary judgment.
Defendants contend that the action is time-barred under the Oregon statute of repose because the crash occurred more than eight years after the helicopter was first sold to the public. See ORS 30.905(1). Defendants also contend that because the action was filed more than two years after the crash, the claims also are barred by the statute of limitations for product liability actions. See ORS 30.905(2).
In response, plaintiff argues that Washington, not Oregon, law applies to this action and that the action is timely under Washington's statute of repose and statute of limitations. Plaintiff does not dispute that if Oregon law is applicable, this action is time barred.

STANDARDS

Summary Judgment
Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there *553 can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Id. at 323, 106 S.Ct. at 2553. There is also no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986); Taylor v. List, 880 F.2d 1040 (9th Cir.1989).
On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. Hector v. Wiens, 533 F.2d 429, 432 (9th Cir.1976). The inferences drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Valandingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989). Where different ultimate inferences may be drawn, summary judgment is inappropriate. Sankovich v. Insurance Co. of North America, 638 F.2d 136, 140 (9th Cir. 1981).

DISCUSSION
Plaintiff argues that Washington law is applicable in this action and that under Washington law plaintiff's claims are not time barred. Both of these contentions would need to be correct for plaintiff to overcome the present motion. Neither one is.

I. Washington's Statute of Repose Does Not Save This Action

Revised Code of Washington (RWC) 7.72.060(1)(a) states that "an injury caused by a product after the product has outlived its useful safe life is not actionable[.]" Section 2 of this chapter of the RWC provides a rebuttable presumption that a product's useful safe life expires 12 years after delivery. In other words, where more than 12 years has passed since delivery, plaintiff has the burden of showing that the product at issue is still within its useful safe life. In the case at bar, the accident occurred slightly more than 15 years after delivery.
Plaintiff initially sought to raise an issue of material fact on the issue of useful safe life of the helicopter by submitting the affidavit of Ramsey Jordan, a helicopter pilot. Mr. Jordon stated that the useful life of a Bell Helicopter is in excess of 15 years and its useful life would be decades if properly inspected and maintained. (Affidavit attached to Memo in Opposition, # 25). After oral argument on the motion the court allowed plaintiff additional time to supplement the record on this issue. Plaintiff offered the affidavit of Joeseph Barry, a helicopter mechanic. However, plaintiff has failed to over-come the presumption under Washington law that the useful safe life of the product expired 12 years after the date of delivery.
The individuals proffered as experts by plaintiff are incompetent to testify on this subject and their affidavits are conclusory and speculative.[1] Furthermore, the affidavits fail to satisfy the evidentiary standards set forth in Daubert v. Merrell Dow Pharmaceuticals, ___ U.S. ___, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and its progeny.
Mr. Barry offers a personal opinion as to useful safe life. Affidavit attached to supplemental Memo in Opposition, # 39. However, that opinion is devoid of scientific basis. Mr. Barry has performed no tests and no engineering analysis. Indeed, he is a mechanic and not an engineer. The life limits of a helicopter are in fact determined through sophisticated engineering analysis performed by teams of scientists and engineers in a variety of disciplines before the helicopter is placed on the market and are expressly made *554 a condition of the FAA's approval of the design. See Affidavit of Morris Gill in Support of Defendants' Reply (# 46); 49 U.S.C. § 1423(a)(2); 14 CFR §§ 21.41, 21.50.
Although they have, defendants are not required to submit expert testimony on the issue of useful safe life; they need only establish the absence of a genuine issue of material fact. The question, therefore, is whether plaintiff has adduced enough admissible evidence to create an issue of material fact as to the useful safe life of the subject helicopter. See Daubert v. Merrell Dow Pharmaceutical Inc., 43 F.3d 1311, 1315 (9th Cir.1995) (opinion attached to # 43). The answer is no.
"The question of admissibility only arises if it is first established that the individuals whose testimony is being proffered are experts in a particular scientific field." Id. at 1315. Here, Mr. Barry and Mr. Jordan do not meet the threshold requirement of admissibility because they are not experts on the issue of useful safe life.
Moreover, under Daubert, even the subjective opinion of a qualified engineer should be rejected if the opinion is wholly untested. See Stanczyk v. Black & Decker, 836 F.Supp. 565, 567 (N.D.Ill.1993). "[T]he test under Daubert is not the correctness of the expert's conclusions, but the soundness of his methodology." 43 F.3d at 1318. Plaintiff must show that Mr. Barry's and Mr. Jordan's findings are based on sound science, which in turn requires some objective, independent validation of the methodology used. Id. at 1318. To make their testing admissible, the expert should:
[E]xplain precisely how they went about reaching their conclusions and point to some objective sourcea learned treatise, the policy statement of a professional association, a published article in a reputable scientific journal or the liketo show that they have followed a scientific method, as it is practiced by (at least) a recognized minority of the scientists in their field.
Id. at 1319.
Here plaintiff has made no such showing. Plaintiff's affidavits fail to explain the methods and procedures used in reaching the conclusion that the useful life of a properly maintained Bell 206 B II helicopter is indefinite. In addition, no external source is cited to validate methodology. The opinions seem to be based on subjective beliefs and unsupported speculation. There is no testimony regarding performance of any engineering analysis or test required by the Federal Aviation Regulations to determine the safe life of the helicopter; indeed, there is no indication that the affiants are capable of performing such analysis or tests. Personal opinion, not science, is the sole basis of their testimony. See id. at 1319. Because no technique or underlying theory for the conclusion has been asserted, it is impossible to determine if the technique or the theory used, if any, has been tested or subjected to peer review or publication. It is also impossible to determine the known or potential rate of error. See Daubert ___ U.S. at ___, 113 S.Ct. at 2796-97.
The exhibit to Mr. Barry's affidavit is not helpful in this regard. The exhibit lists 206 B helicopters older than 16 years that are "currently registered." Plaintiff fails to explain how data relating to the registration of 16 plus year old Bell 206A, 206A/B, 206B, and 206B II helicopters generally is relevant to determining the useful safe life of the 206B helicopter involved in this accident. Indeed, it fails to show whether during their existence those helicopters have required replacement, repair, or overhaul of some or all of their critical dynamic components. The fact that a helicopter bearing the same serial number is still "registered" in no way establishes that its principle components have not worn out and been replaced or overhauled on countless occasions.
In sum, the "expert" affidavits relied upon by plaintiff are conclusory, speculative and inadmissible under the standards set forth in Daubert.[2] As such, plaintiff has failed to *555 raise an issue of fact regarding the helicopter's useful safe life, and thus even Washington's greater limitation period does not save this action.[3]

II. Oregon Law Applies and Bars this Action

The Uniform Conflict of Laws-Limitations Act, ORS 12.430, provides:
(1) Except as provided by ORS 12.450, if a claim is substantively based:
(a) Upon the law of one other state, the limitation period of that state applies; or
(b) Upon the law of more than one state, the limitation period of one of those states chosen by the law of conflict of laws of this state, applies.
(2) The limitations period of this state applies to all other claims.
Under ORS 12.430, the initial determination for the court is which state's substantive law applies to plaintiff's claims. If only one state's substantive law could form the basis of plaintiff's claim, that state's statute of limitations is applicable. If however, plaintiff's claims could be based on more than one state's substantive law, the court should use Oregon's conflict of law rules to determine the applicable substantive law and apply the corresponding statute of limitations. Cropp v. Interstate Distributor Co., 129 Or.App. 510, 880 P.2d 464 (1994).

A. Plaintiff's Claims are Substantially Based on Oregon Law, Not Washington Law and, as Such, Oregon's Limitation Period Applies

Plaintiff's decedent died in a helicopter accident in Washington. Plaintiff argues that Washington law applies because "the only applicable substantive law is the state where the accident occurred," and cites Cropp, supra, in support of this argument. Plaintiff, however, has misinterpreted the court's holding in Cropp, and has quoted the opinion out of context. Plaintiff is correct that the Cropp court found that the law of California, the site of the accident, applied to the case, and therefore that the California statute of limitations was controlling. This holding, however, was not solely based on the fact that the accident occurred in California, as plaintiff asserts. Rather, the Cropp court relied on the claims in the complaint, which, it concluded, arose only under California substantive law.
Similarly, plaintiff's complaint in the present case asserts claims under Oregon, not Washington, substantive law. Plaintiff is the duly appointed personal representative of the estate which has been established in Linn County, Oregon. The complaint states that the action "is prosecuted for the benefits of the decedent's heirs and his estate." Such benefits would be distributed in Oregon. Nowhere in her complaint does plaintiff cite the Washington Product Liability Act, Chapter 7.72 of the RCW, the Washington wrongful death statute, RWC 4.20.010 and 4.20.020, or the Washington survival statute, RWC 4.20.046. Furthermore, plaintiff asserts claims for "noneconomic" and "economic" damages, which are terms of art under Oregon, not Washington law. See ORS 18.560. Plaintiff also asserts claims for punitive damages, which are available under Oregon's product liability statutes, see ORS 30.925, but which are generally not available under Washington law, including Washington product *556 liability law. See Kammerer v. Western Gear Corp., 96 Wash.2d 416, 421, 635 P.2d 708 (1981) (under the law of Washington, punitive damages are not allowed unless expressly authorized by the legislature.) Clearly, the allegations in plaintiff's complaint set forth her rights and defendant's liabilities under Oregon, not Washington, law. As such, Oregon's limitation period applies and bars plaintiff's claims.

B. There is no Conflict Between Oregon and Washington Substantive Law Under the Facts of this Case; Plaintiff's Claims are Barred Under Both States' Laws

Even if the above were not true, and either Oregon or Washington substantive law could apply to this case, the court would generally have to engage in a choice of law analysis. See ORS 12.430(1)(b). Oregon applies a two step analysis to choice of law issues. First, a court must determine whether an actual conflict exists. Western Helicopter Services, Inc. v. Rogerson Aircraft Corporation, 728 F.Supp. 1506, 1510 (D.Or. 1990); see also Cropp supra, at 516, 880 P.2d 464 ("For there to be a choice of law issue, there must be a choice to make. Oregon law and another state's law must be different on the disputed issue.") (Rossman J. dissenting). If there is an actual conflict of law, the court must then determine which state has the most significant relationship to the action. Western Helicopter, supra, at 1510.
The substantive law at issue is Oregon's statute of repose, ORS 30.905, versus Washington's statute of repose, RCW 7.72.060. While at first glance it may seem that there is a conflict between Oregon's eight year repose period and Washington's twelve year repose period, this is a difference without a distinction under the facts of this case as discussed in section I above and as follows.
There is no conflict between the Oregon statute of repose and the Washington statute of repose. Both statutes seek to limit the length of a manufacturer's/seller's exposure to product liability claims, while simultaneously preserving a plaintiff's claim for a reasonable amount of time. Johnson v. Star Machinery Co., 270 Or. 694, 700-01, 530 P.2d 53 (1974); Morse v. Toppenish, 46 Wash.App. 60, 729 P.2d 638 (1986). There is no conflict between the statutes because, under either statute, plaintiff's claims would be barred. Plaintiff concedes that the accident occurred more than 15 years after the delivery of the subject helicopter. Under Oregon law, plaintiff's claims are barred by the eight year statute of repose. Similarly, under Washington law, plaintiff's claims are time barred under the presumption set forth in RCW 7.72.060 that the useful safe life of the helicopter expired because the accident occurred more than twelve years after the time of delivery.
Because plaintiff's claims would be barred under both the Oregon and Washington statute of repose, there is no conflict between the Oregon and Washington substantive law at issue, and the court need not engage in a choice of law determination. See First Interstate Bank of Oregon v. National Bank and Trust Co., 127 F.R.D. 186 (D.Or.1989) (unnecessary to choose between the application of Oregon law and New York law because defendant would have been entitled to discovery under the law of either state).

C. Washington Does Not Have a Very Significant Interest in or Relationship to This Action and, thus, Oregon's Limitation Period Applies

Even if there was a conflict between Oregon and Washington substantive law under the facts of this case, Washington does not have a very significant interest in or relationship to this action, and thus Washington law should not be applied. A court engages in a choice of law determination only if there is a conflict between the interests of the two states involved.
There is no choice of law issue involved if, in a particular factual contest, the interests and policies of one state are involved and those of another state are not or are involved in only minor ways. It is only if both states have substantial interests in having their law applied that we would determine which has the most "significant relationship." *557 Stubbs v. Weathersby, 126 Or.App. 596, 604, 869 P.2d 893 (1994) (emphasis added). See also Cropp, supra at 516, 880 P.2d 464. (Even if there is a difference between Oregon law and the law of the other state on the disputed issue, there is no choice of law issue unless both states have substantial interest in having their law apply) (Rossman, J. dissenting).
Washington has little or no interest in having its statute of limitations apply for the benefit of a non-resident plaintiff bringing suit against non resident defendants in a foreign jurisdiction. Furthermore, there is no compelling reason to apply Washington law regarding recovery for a death that occurred within its borders when Oregon provides substantially the same type of recovery under its laws. Indeed, Oregon substantive law would provide plaintiff recovery that Washington law does not, namely the punitive damages prayed for in the complaint, thus allowing plaintiff to recover more fully if defendants are found liable for the claims asserted.
Not only does Washington have little interest in having its substantive law applied to this issue, but also Washington does not have the most significant relationship in this case. While the general rule in wrongful death cases is to apply the law of the state where the injury occurred, Myers v. Cessna Aircraft Corp., 275 Or. 501, 553 P.2d 355 (1976), the exception to this rule is if another state has a greater interest in the outcome of the issue being determined.
In large part, the answer to the choice of law question will depend upon whether some other state has a greater interest in the determination of the particular issue than the state where the injury occurred.
Restatement (Second) of Conflict of Laws, § 146, comment c.[4]
Here, Oregon has a greater interest in determining the applicable statute of repose for claims asserted by its residents in its courts. Decedent was a resident of Oregon, as is plaintiff, his personal representative. Plaintiff brought the action in Oregon, and alleges claims against defendants arising under Oregon law. Some of the damages recovered, if any, will benefit decedent's estate, which is being probated in Oregon pursuant to Oregon law. Any damages recovered by decedent's survivors would be distributed in Oregon. As alleged in the complaint, defendants do business in Oregon.
In contrast, there are few Washington contacts to this action and Washington does not have a significant interest in the outcome of the court's decision as to which statute of repose applies. (This is particularly true since under either state's statute of repose plaintiff's claim is time barred.) Defendants are Delaware corporations with their principle places of business in Rhode Island (Textron) and Texas (Bell helicopter Services and Bell Helicopter Textron). The subject helicopter was designed, manufactured, and tested in Texas, which is the same place from which the applicable warnings would issue. The subject helicopter was first sold in Texas and delivered to Alaska. Defendants advertise and sell helicopters world-wide, but have no special advertisements directed to Washington. They have no offices or employees in Washington. The only contact Washington has to this action is the fact that the crash occurred in Washington.[5] The fortuitous location of the crash site does not create a substantial interest favoring application of Washington law. Myers v. Cessna Aircraft, 275 Or. 501, 553 P.2d 355 (1976). Washington has little, if any, interest in having its substantive laws applied in an Oregon action involving an Oregon plaintiff and non-resident defendants. No Washington defendant will have to respond in damages, and Washington *558 has little concern whether residents of Delaware, Rhode Island, or Texas are required to respond to product liability claims. Similarly, Washington has little interest in providing recovery to an Oregon resident under its product liability, wrongful death, and survival statutes. No policies or interests of Washington State will be offended if the laws of Oregon are applied to this case.

CONCLUSION
For all the foregoing reasons plaintiff's claims are time barred. As such, defendant's motion (# 18) for summary judgment is allowed and this action is dismissed.
NOTES
[1] A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); Shane v. Greyhound Lines Inc., 868 F.2d 1057, 1061 (9th Cir. 1989). Conjecture and speculation are insufficient to raise a genuine issue of material fact. R.W. Beck & Assoc. v. City and Borough of Sitka, 27 F.3d 1475, 1481 (9th Cir.1994).
[2] Plaintiff has moved for leave to file a late affidavit from an individual who is licensed by the FAA to give inspection authorizations. Such motion is denied as plaintiff has already received the benefit of a sua sponte extension to supplement the record, plaintiff has not attempted to indicate why additional time is needed and it appears the affidavit proposed to be submitted in the future will suffer from the same deficiencies as the affidavits presently before the court. (plaintiff states that the individual will testify that he has returned many Bell 206B helicopters to service that have been older than 16 years).
[3] Plaintiff has contended that an admission regarding the existence of the older Bell helicopter made by defendants is sufficient to defeat defendants' motion. However, plaintiff is confusing the issue of the useful safe life of the subject helicopter with the irrelevant fact that there are 206B helicopters older than 12 years still in service. Plaintiff has offered no evidence regarding the maintenance and overhaul history of the subject helicopter or, for that matter, any Bell 206B helicopter. She has provided no proof of which components, if any, on the subject helicopter were replaced over the years. In essence, she has provided no evidence to this court with respect to the issue of the useful safe life of the subject helicopter. Consequently, there is no basis to infer that the subject helicopter had not experienced the replacement or overhaul of every major component one or more times during its long life. Plaintiff's evidence is insufficient to raise an issue of material fact.
[4] While the Restatement (Second) Of Conflict of Laws is not the law of Oregon, Oregon courts refer to its provisions as guides to resolving conflict of law questions. Manz v. Continental American Life Insurance Co., 117 Or.App. 78, 843 P.2d 480 (1992), modified and adhered to, 119 Or.App. 31, 849 P.2d 549 (1993).
[5] From Plaintiff's deposition testimony it appears that decedent's relationship with Washington and the Washington business that arranged the flight was merely fortuitous. Decedent primarily worked for an Oregon Company and flew in Washington only as a favor to his brother in law. A few flights were involved for minimal compensation.