**LIBAS LTD., a California Corporation, Plaintiff-Appellant,**

v.

**Mary R. CARILLO; Shu Peter Pang; William J. Bonocora; Vondell Maclaren Forrester; Emilia Reclusado Frankel; Stephanie Davis; Debra D. Peterson, individuals, Defendants-Appellees.**

No. 02–55723.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2003.

Filed May 28, 2003.

---

Elon A. Pollack, Los Angeles, CA, George A. Kaufman, Manhattan Beach, CA, for the plaintiff-appellant.

Robert I. Lester, Assistant United States Attorney, Los Angeles, CA, for the defendants-appellees.

Before B. FLETCHER, SILVERMAN, Circuit Judges, and MARTONE, District Judge.*

SILVERMAN, Circuit Judge.

We hold that an importer may not bring a *Bivens* action to recover consequential damages against Customs agents who assessed import duty at an incorrect rate. *Bivens* actions do not lie when Congress has created an alternative remedial scheme—such as exists for the protest of an erroneously assessed duty—even though the scheme does not permit the recovery of all elements of damage the importer claims to have suffered.

## I. Background

In August 1994, Libas imported 32 bales of rolled cotton fabric from India. Using a new test designed by the Customs Service Laboratory in Los Angeles,[1] Customs analyzed the fabric and determined it to have been "power-loomed." According to the tariff schedule then in effect, power-loomed cotton was subject to duty at an 11.4% ad valorem rate and also subject to certain quotas. In contrast, hand-loomed cotton fabric was subject to duty at a 6% ad valorem rate.

Libas filed a protest pursuant to 19 U.S.C. § 1514(a)(4). When the protest was denied, Libas filed suit in the Court of International Trade, which upheld the imposition of the duty at the higher rate. *Libas, Ltd. v. United States*, 20 C.I.T. 1215, 944 F.Supp. 938 (1996). On appeal to the Federal Circuit, that court held that the reliability of the Customs Service test had not been established under the standard of *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The Federal Circuit remanded the case to the Court of International Trade for further evidentiary hearing on the reliability of the test and to determine the proper classification of the fabric. *Libas, Ltd. v. United States*, 193 F.3d 1361, 1369 (Fed.Cir.1999).

---

\* The Honorable Frederick J. Martone, United States District Judge for the District of Arizona, sitting by designation.

1. The test is called the "Methodology for the [A]nalysis of Woven Fabric to Determine whether Fabric had been Power-loomed or Hand-loomed."

   Under the Customs test, fabrics are classified as hand-loomed or power-loomed based on characteristics which are supposed to result from different means of manufacture. Woven fabric of any kind is made by running horizontal "weft" or "woof" yarns through a set of vertical "warp" yarns with a shuttle; patterns in the fabric are created by lifting or lowering selected warp yarns at each pass or "pick" of the shuttle. * * *

   The Customs test is premised on the idea that, because weavers cannot regulate their movements with the precision of a machine, hand-loomed fabrics exhibit less uniformity, evenness and consistency than machine-loomed fabrics. *Libas, Ltd. v. United States*, 193 F.3d 1361, 1363 (Fed.Cir.1999).

On remand, the Court of International Trade held that the Customs test did not meet *Daubert* standards, and that the fabric should be "reliquidated" at the rate of 6% ad valorem, i.e., the lower, hand-loomed rate. The court also ordered Customs to "refund all excess duties paid with interest as provided by law." *Libas, Ltd. v. United States*, 118 F.Supp.2d 1233, 1238 (CIT 2000).

Libas then filed this *Bivens* action against the Customs employees involved, seeking consequential damages of $3,000,000, punitive damages "of at least $5,000,000," and attorneys' fees and costs. The district court dismissed, holding that Libas could not state a claim for relief under *Bivens*.

## II. Standard of Review

■ We review the district court's 12(b)(6) dismissal of Libas' *Bivens* claim de novo. *See Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir.1994). We determine whether, assuming all facts and inferences in favor of the nonmoving party, it appears beyond doubt that Libas can prove no set of facts to support its claims. *Id.*

## III. Discussion

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the United States Supreme Court held that suit could be filed against federal officials acting under color of authority for alleged Fourth Amendment violations. Subsequently, the Court recognized *Bivens* causes of action for Eighth Amendment claims, *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), and Fifth Amendment Due Process claims, *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). However, the Court has cautioned against extending *Bivens* into new areas or recognizing new rights or claims. *See Correctional*

*Servs. Corp. v. Malesko*, 534 U.S. 61, 68–70, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001); *Schweiker v. Chilicky*, 487 U.S. 412, 421–23, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988); *Bush v. Lucas*, 462 U.S. 367, 373–74, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983). The Court has emphasized that "[s]o long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclosed judicial imposition of a new substantive liability." *Malesko*, 534 U.S. at 69, 122 S.Ct. 515 (citing *Chilicky*, 487 U.S. at 425–27, 108 S.Ct. 2460). Implied remedies premised on violations of constitutional rights are not created to fill in gaps of existing relief to which plaintiffs are already entitled. *Id.*

■ *Bivens* claims may be expressly precluded "when Congress has provided an alternative remedy which it explicitly declares to be a substitute for recovery directly under the Constitution and views as equally effective." *Moore v. Glickman*, 113 F.3d 988, 991 (9th Cir.1997) (citations omitted). *Bivens* claims may be impliedly precluded "when defendants can demonstrate the existence of 'special factors counselling hesitation in the absence of affirmative action by Congress.'" *Id.* (quoting *Chilicky*, 487 U.S. at 421, 108 S.Ct. 2460). *Bivens* claims are precluded "where Congress has provided some mechanism for relief that it considers adequate to remedy constitutional violations," *id.*, and "Congress' failure to provide money damages, or other significant relief, has not been inadvertent." *Berry v. Hollander*, 925 F.2d 311, 314 (9th Cir.1991); *see also Moore*, 113 F.3d at 993.

Implied preclusion under the "special factors" analysis is at issue in this case. Congress has established a remedial scheme by which importers may challenge classification of goods. *See* 19 U.S.C. § 1514(a)(4). Importers may file a protest. *See* 19 U.S.C. § 1514(a)(4). If the

protest affords no relief, importers may file suit in the Court of International Trade. 19 U.S.C. § 1514; 28 U.S.C. § 1581(a). A party can then file an appeal to the Court of Appeals for the Federal Circuit. 28 U.S.C. § 1295(a)(5). Importers that prevail are entitled to a refund of all excess duties paid with interest. 19 C.F.R. § 24.36(a)(1). Furthermore, Congress has expressly exempted Customs officers from suit under the Federal Tort Claims Act. *See* 28 U.S.C. § 2680(c).

Libas pursued and secured relief under this scheme. *See Libas, Ltd. v. United States,* 118 F.Supp.2d 1233, 1238 (CIT 2000) (finding that Customs imposed an erroneous tariff rate, and ordering Customs to "refund all excess duties paid with interest"); *see also Libas, Ltd. v. United States,* 314 F.3d 1362, 1366 (Fed.Cir.2003) (vacating and remanding Court of International Trade order that had denied Libas attorneys' fees under the Equal Access to Justice Act).

The existing statutory scheme and the Federal Tort Claims Act exemption support the district court's conclusion that "special factors counsel hesitation" against recognizing a *Bivens* claim against Customs officers for consequential damages in a commercial setting. *See, e.g., Sky Ad, Inc. v. McClure,* 951 F.2d 1146, 1148 (9th Cir.1991).

AFFIRMED.