**Anthony K. HART and D. Motley, Plaintiffs,**

v.

**Gregory GAIONI, Debra Yang, George Cardona, Leon Weidman, David Pinchas, Alka Sagar, Charles Mulally, and Unknown Named Defendants One Through Ten, Defendants.**

**No. CV–04–3818–RMT.**

United States District Court, C.D. California.

Jan. 5, 2005.

Stephen Yagman, Marion R. Yagman, Joseph Reichmann, Yagman & Yagman & Reichmann, Venice Beach, CA, for plaintiffs.

Debra Yang, U.S. Atty., Leon Weidman, Asst. U.S. Atty., Robert I. Lester, Asst. U.S. Atty., Los Angeles, CA for defendants.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; DENYING AS MOOT DEFENDANTS' MOTION TO STAY DISCOVERY; AND DENYING AS MOOT PLAINTIFFS' REQUEST FOR *CHUMAN* CERTIFICATION**

TAKASUGI, Senior District Judge.

This matter has come before the court on Defendants Gregory Gaioni, Debra

Yang, George Cardona, Leon Weidman, David Pinchas, Alka Sagar, and Charles Mullaly's motions to dismiss Plaintiffs' First Amended Complaint and to stay discovery pending ruling on the motion to dismiss and on Plaintiffs' request for *Chuman* certification. Having considered the pleadings in this matter, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART; Defendants' motion to stay discovery is DENIED as moot; and Plaintiffs' request for *Chuman* certification is DENIED as moot.

## I. Background

In July 2004, Plaintiffs initiated this lawsuit for compensatory and punitive damages, costs, interest, and attorney's fees pursuant to the First, Fourth, and Fifth Amendments of the Constitution, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics* and 28 U.S.C. §§ 1331, 1343, naming as Defendants five attorneys for the U.S. Attorney's Office ("USAO Defendants")[1] and two federal agents, Gregory Gaioni and Charles Mullaly.[2]

Hart and Motley are plaintiffs represented by the same counsel in two separate, underlying civil rights lawsuits brought against several defendants, including federal law enforcement agents represented by USAO Defendants. Plaintiffs allege that USAO Defendants Illegally interfered with these underlying lawsuits by leaking grand jury information about their attorney to the press in an attempt to disqualify him. All Defendants, including Gaioni and Mulally, are alleged to have conspired in these activities.[3]

Defendants have moved to dismiss Plaintiffs' suit on the grounds that: (1) Plaintiffs' claims are premised on an allegation that Defendants violated Federal Rule of Criminal Procedure 6(e)(2)(B) which does not provide for a private right of action, monetary damages, attorney's fees, or costs; (2) Plaintiffs have failed to make a prima facie showing that Defendants violated Rule 6(e)(2)(B); (3) the special factors doctrine precludes Plaintiffs' *Bivens* claims; (4) Plaintiffs have failed to allege a constitutional deprivation; (5) Defendants are entitled to absolute immunity from suit; and (6) there is no private right of action for Plaintiffs' obstruction of justice claims. Plaintiffs oppose Defendants' motion and assert that Defendants' alleged obstruction of justice in their underlying civil rights lawsuits interfered with their constitutional right of access to the courts which is actionable under *Bivens*.[4]

1. USAO Defendants are Debra Yang, George Cardona, Leon Weidman, David Pinchas, and Alka Sagar.

2. Hart's suit is against all Defendants. Motley's suit is against all Defendants except Gaioni and Mullaly.

3. Specifically, Plaintiffs assert that: "In the course of defending both federal civil rights actions ... the U.S. Attorney's Office defendants ... and some Unknown Named (sic) Defendants participated in, approved of, acquiesced in, and/or condoned the unauthorized leak of grand jury information concerning both plaintiffs' counsel in the prior actions, and then the inappropriate use of that information by (A) leaking it to the press for publication, and (B) using it to attempt to disqualify both plaintiffs' counsel." Plaintiffs also allege that "[t]he defendants, on information and belief, knew or understood that they would do, and in fact did, the wrongful things alleged hereinabove, and therefore, they all are liable for conspiracy to have done those things."

4. Plaintiffs object to Exhibit A offered in support of Defendants' motion and contend that this submission requires that the motion be treated as one for summary judgment. Because Defendants' Exhibit A was not considered for this order, the court declines to rule on Plaintiffs' objections and rules on Defendants' motion as a motion to dismiss.

## II. Legal Standard

A dismissal under Federal Rule of Civil Procedure 12(b)(6) is a disfavored remedy and is appropriate "only in extraordinary cases" where it is clear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[5] In assessing such a motion, the court must assume the truth of the facts asserted within the complaint and assess whether those facts, and any legitimate inferences drawn from those facts, articulate any basis for relief.[6]

## III. Analysis

### (1) Defendants' Absolute Immunity Defense

Defendants assert that they are entitled to absolute immunity from Plaintiffs' claims arising out of the motions filed in Plaintiffs' underlying lawsuits for judicial inquiry into the possible conflict of interest of Plaintiffs' counsel.

■■■ Government attorneys who represent defendants in civil lawsuits are entitled to absolute immunity for actions "intimately or closely associated with the judicial process."[7] Appearing before and presenting evidence to the court constitute acts intimately connected to the judicial process for which absolute immunity is warranted.[8]

■■ Because alerting the court to potential conflicts of interest amounts to an act intimately associated with the judicial

process, USAO Defendants are entitled to absolute immunity to the extent that Plaintiffs' claims are based on the filing of judicial inquiry notices by government attorneys.

### (2) Plaintiffs' Basis for Relief Under Bivens

■■ Lawsuits against federal officials for constitutional deprivations which occur under color of federal law are actionable under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics.[9] While this doctrine provides for private rights of action for violations of the Fourth Amendment, the Eighth Amendment, and the Fifth Amendment Due Process clause, the Supreme Court has been loathe to extend the availability of such claims where Congress has already provided "an avenue for some redress."[10]

### Plaintiffs' Claims for Denial of Access to the Courts

■■ "The right of access to the courts is a fundamental right guaranteed by the Constitution."[11] The Supreme Court has recognized the source of this right in the Privileges and Immunities Clause of Article IV, the First Amendment, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses.[12]

In Christopher v. Harbury, the Supreme Court acknowledged two types of denial of

---

5.  United States v. Redwood City, 640 F.2d 963, 966 (9th Cir.1981)(internal citations omitted).

6.  Libas Ltd. v. Carillo, 329 F.3d 1128, 1130 (9th Cir.2003)

7.  Fry v. Melaragno, 939 F.2d 832, 837 (9th Cir.1991) (internal quotations omitted)(Recognizing claim of absolute immunity for IRS attorneys named as defendants in a Bivens lawsuit for acts which occurred while they were representing federal defendants in an underlying Tax Court lawsuit.)

8.  Id. at 837–838.

9.  403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619

10.  Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 68–69, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001); Libas, 329 F.3d at 1130.

11.  Delew v. Wagner, 143 F.3d 1219, 1222 (9th Cir.1998)

12.  Christopher v. Harbury, 536 U.S. 403, 415 n. 12, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002)

access to the courts claims—claims where "systemic official action frustrates a plaintiff in preparing and filing suits at the present time" and claims where the denial of access to the courts "may allegedly have caused the loss or inadequate settlement of a meritorious case."[13] In the first type of case, the focus is on barriers which impair a plaintiff's ability to enter the door of the courthouse in pursuit of legitimate claims.[14] Such barriers include filing fees, inadequate prison libraries, or retaliatory liens against any recovery which might be obtained.[15] The second type of case is one in which governmental conduct has permanently undermined or precluded a plaintiff's underlying claim because the case "cannot now be tried (or tried with all material evidence) no matter what official action may be in the future."[16] Such conduct includes official cover-ups of crucial evidence which negatively impact the ultimate outcome of a plaintiff's underlying lawsuit.[17]

■ Plaintiffs' assert that Defendants violated their fundamental right of access to the courts by *interfering* with their ability to pursue their underlying lawsuits. Specifically, Defendants' are alleged to have interfered by leaking grand jury information about their counsel to the press and inappropriately using that information in an attempt to disqualify him.

■ While this court is unaware of any other case raising denial of access to courts claims on this basis, the court finds that inappropriate interference with on-going litigation is analogous to the types of barriers which have been overturned by courts for precluding access all together. Both create burdensome hurdles which impair a plaintiff's right to bring forth legitimate grievances. Here, the hurdles alleged do not preclude entry to the court, but instead have the potential to discourage or terminate litigation all together. For these reasons, this court finds that the right of access to the courts encompasses the right to pursue grievances against the government without inappropriate governmental interference during the course of that litigation.[18]

Because Plaintiffs' complaint alleges that Defendants' conduct impermissibly interfered with their right of access to the courts and Congress has provided no alternate avenue of redress for such claims, Plaintiffs have sufficiently stated a claim for which relief can be granted under *Bivens*. Accordingly, Defendants' motion to dismiss Plaintiffs' access to the courts claims is not warranted.

### Plaintiffs' Fourth Amendment Claims

Plaintiffs' complaint is also based on the Fourth Amendment. It is Possible that

---

13. *Id.* at 413–415, 122 S.Ct. 2179.

14. *Id.; Lewis v. Casey,* 518 U.S. 343, 356, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)

15. *Christopher,* 536 U.S. at 414, 122 S.Ct. 2179; *Lewis,* 518 U.S. at 356, 116 S.Ct. 2174; *Boddie v. Connecticut,* 401 U.S. 371, 372, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); *Acevedo v. Surles,* 778 F.Supp. 179, 184 (S.D.N.Y.1991)(Finding that state's entry of a lien for the cost of state provided psychiatric services against any recovery plaintiffs might obtain in their suits against state hospital infringed on plaintiffs' fundamental right of access to the courts).

16. *Christopher,* 536 U.S. at 414, 122 S.Ct. 2179.

17. *Id.*

18. Particularly in light of the fact that Plaintiffs' counsel in their underlying lawsuits "has a formidable reputation as a plaintiff's advocate" such that defendants "may find it advantageous to remove him as an opponent." *County of Los Angeles v. United States Dist. Court (In re County of Los Angeles),* 223 F.3d 990, 996 (9th Cir.2000).

the alleged interference with Plaintiffs' underlying civil rights lawsuits for Fourth Amendment violations also establishes a Fourth Amendment violation for purposes of this lawsuit. However, Plaintiffs' opposition suggests that Plaintiffs have abandoned these claims. Accordingly, Defendants' motion to dismiss is GRANTED as to Plaintiffs' claims arising under the Fourth Amendment.

Accordingly,

IT IS ORDERED as follows:

(1) Defendants' motion to dismiss based on absolute immunity is GRANTED to the extent that Plaintiffs' claims are based on the filing of judicial inquiry notices by government attorneys;

(2) Defendants' motion to dismiss is GRANTED as to Plaintiffs' claims arising under the Fourth Amendment;

(3) Defendants' motion to dismiss is DENIED in all other respects.

IT IS FURTHER ORDERED that Defendants' motion to stay discovery pending this ruling is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiffs' request for *Chuman* certification is DENIED as moot.