**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ANDES INDUSTRIES, INC.; PCT INTERNATIONAL, INC., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CHENG SUN LAN; et al., <br><br> Defendants-Appellees. | No. 17-17059 <br><br> D.C. No. 2:15-cv-02549-NVW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted May 14, 2019[**]
San Francisco, California

Before: THOMAS, Chief Judge, and McKEOWN and GOULD, Circuit Judges.

Andes Industries, Inc. ("Andes") appeals the district court's dismissal of its

claims against Cheng Sun Lan. We have jurisdiction pursuant to 28 U.S.C. § 1291

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

and we affirm. Because the parties are familiar with the facts, we need not recount them here.

We review a dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "We must determine whether, 'assuming all facts and inferences in favor of the nonmoving party, it appears beyond doubt that [Andes] can prove no set of facts to support [its] claims.'" *Id.* (quoting *Libas Ltd. v. Carillo*, 329 F.3d 1128, 1130 (9th Cir. 2003)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" which "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

I

The district court did not err in dismissing Andes's claims that Lan was personally liable for the torts committed against Andes. On appeal, Andes abandoned its alter ego theory of liability, but now asserts for the first time that the district court failed to consider Andes's contention that Lan was *directly* liable because "a corporate 'officer or director is, in general, personally liable for all torts

2

which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent for the corporation and not on his own behalf.'" *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985) (quoting *Murphy Tugboat Co. v. Shipowners & Merchants Towboat Co.*, 467 F. Supp. 841, 852 (N.D. Cal. 1979)).

However, Andes failed to (1) present this argument to the district court, (2) plead that Lan was a director or officer of EZconn, (3) reference or rely on Lan's declaration that he was chairman of the board of directors of EZconn, *see Marder*, 450 F.3d at 448; or (4) plead sufficient facts to demonstrate that Lan authorized, directed, or participated in alleged torts committed against Andes.

Bare assertions that Lan was the "mastermind" and that "EZconn has been owned and controlled, directly or indirectly by Mr. Lan" are conclusions that remain unsupported by sufficient facts to withstand scrutiny under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678; *Blantz v. Cal. Dep't of Corrs. & Rehab.*, 727 F.3d 917, 927 (9th Cir. 2013) (holding that the general allegation that the defendant "directed" the other defendants to take wrongful actions was insufficient to defeat a motion to dismiss).

II

The district court properly dismissed the three claims against Lan that depended on the existence of a fiduciary relationship. "In a fiduciary relationship, the fiduciary holds 'superiority of position' over the beneficiary." *Standard Chartered PLC v. Price Waterhouse*, 945 P.2d 317, 335 (Ariz. Ct. App. 1996) (quoting *Rhoads v. Harvey Publ'ns, Inc.*, 700 P.2d 840, 847 (Ariz. Ct. App. 1984)). Under Arizona law, a confidential relationship can be found even if the relationship "does not fall into any well-defined category of law," but still demonstrates "just as great intimacy, disclosure of secrets, intrusting of power, and superiority of position," rendering the relationship so similar to a fiduciary relationship "that it should have like results." *Taeger v. Catholic Fam. & Cmty. Servs.*, 995 P.2d 721, 726 (Ariz. Ct. App. 1999) (quoting *Condos v. Felder*, 377 P.2d 305, 308 (Ariz. 1962)).

Additionally, "[p]urely commercial transactions do not give rise to a fiduciary relationship." *Urias v. PCS Health Sys., Inc.*, 118 P.3d 29, 35 (Ariz. Ct. App. 2005) (quoting *In re Koreag*, 961 F.2d 341, 353 (2d Cir. 1992)); *Standard Chartered PLC*, 945 P.2d at 335 ("Our case law distinguishes a fiduciary relationship from an arm's length relationship."). "A commercial contract creates a fiduciary relationship only when one party agrees to serve in a fiduciary capacity." *Urias*, 118 P.3d at 35. "[M]ere confidence or implicit faith in another's honesty

and integrity" and "mere friendly relations" are not sufficient to create a fiduciary relationship. *Rhoads*, 700 P.2d at 847.

Lan is not alleged to be a partner, co-owner, officer, or director of Andes, Andes only alleges Lan is a de facto shareholder.[1] Andes did not plead any specific facts supporting its conclusory allegation that Lan owed Andes a fiduciary duty, nor did it plead any specific facts to demonstrate that Lan's superiority of position or power, or "great intimacy, disclosure of secrets, or intrusting of power," was such that Andes's will was effectively substituted for Lan's. *Standard Chartered PLC*, 945 P.2d at 335 (quoting *Rhoads*, 700 P.2d at 847)). Therefore, the district court correctly dismissed the claims against Lan that required a fiduciary duty.

## III

The district court properly dismissed Andes's claim for unfair competition. To maintain an action for unfair competition under Arizona law, a plaintiff must show either (1) it was engaged in competitive business with the defendant or (2) the defendant's actions were likely to produce public confusion. *Sutter Home*

---

[1] To the extent that Andes argues on appeal that Lan is a partner or joint venturer with Andes, that was not pled or presented to the district court and is therefore waived. *Williams v. Gorton*, 529 F.2d 668, 669 n.2 (9th Cir. 1976) (limiting its review to questions raised during the motion to dismiss and ruled on by the lower court).

*Winery, Inc. v.Vintage Selections, Ltd.*, 971 F.2d 401, 407 (9th Cir. 1992). To be in competition with each other, parties must solicit the same trade or solicit the same customers. *Id.* at 408.

Andes's complaint does not sufficiently allege that Lan engaged in competitive business with Andes or that his actions were likely to cause public confusion. In fact, Andes makes general allegations against "Defendants," only once mentioning Lan by name in Count X. The district court did not err in dismissing Andes's claim for unfair competition.

**AFFIRMED.**