**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GEORGE FIELDS, personal
representative of the Estate of
Laura Fields,

          *Plaintiff-Appellant,*

        v.

LEGACY HEALTH SYSTEM, an
Oregon Corporation, dba/Legacy
Laboratory Services.

          *Defendant-Appellee.*

No. 03-35386

D.C. No.
CV-03-00048-KI

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

GEORGE FIELDS, personal
representative of the Estate of
Laura Fields; ESTATE OF LAURA
FIELDS,

          *Plaintiffs-Appellants,*

        v.

LEGACY HEALTH SYSTEM, an
Oregon Corporation, dba/Legacy
Laboratory Services.

          *Defendant-Appellee.*

No. 03-35587

D.C. No.
CV-02-02548-TSZ

OPINION

Appeal from the United States District Court
for the District of Washington
Thomas S. Zilly, District Judge, Presiding

7395

Argued and Submitted
September 14, 2004—Portland, Oregon

Filed June 22, 2005

Before: Susan P. Graber, Ronald M. Gould, and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge Gould;
Concurrence by Judge Gould

## COUNSEL

Ron Perey, Carla Tachau Lawrence, and Doug Weinmaster, Law Office of Ron Perey, Seattle, Washington, and Jeffrey P. Foote, Portland, Oregon, for the plaintiff-appellant.

Lindsey H. Hughes, Keating Jones Bildstein & Hughes, P.C., Portland, Oregon, for the defendant-appellee.

## OPINION

GOULD, Circuit Judge:

This consolidated appeal involves wrongful death actions filed in two different federal district courts sitting in diversity. Acting as personal representative of the estate of his late wife, Laura Fields, George Fields brought an action for wrongful death against Legacy Health System ("Legacy") in the United States District Court for the Western District of Washington. The complaint alleged that Legacy negligently caused Laura Fields' death by failing to diagnose her cervical cancer from a Pap smear, and sought damages for Raven Fields, a minor child of George and Laura Fields. Subsequently, George Fields filed an identical action in the United States District Court for the District of Oregon. The Oregon federal district court applied Oregon's statutes of limitations and repose to dismiss George Fields' case with prejudice, denied him leave to amend his complaint, and denied his motion to certify state constitutional questions to the Oregon Supreme Court. Thereafter, the Washington federal district court dismissed George Fields' Washington action based on Oregon's statutes of limitations and repose, as well as on collateral estoppel grounds.

George Fields appeals these rulings. He first contends that the district courts erred in applying Oregon law instead of Washington law. In the alternative, he argues that if Oregon law applies, we should either: (1) apply Oregon's disability tolling provision to toll Oregon's wrongful death statute of limitations; (2) apply the "escape clause" in the Uniform Conflict of Laws-Limitations Act ("UCLLA") to allow his Washington suit to proceed; (3) strike down Oregon's statutes of limitations and repose because they violate the United States

Constitution; or (4) certify to the Oregon Supreme Court whether Oregon's statutes of limitations and repose violate the state constitution.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district courts' choice of Oregon law and reject George Fields' contentions that we can toll Oregon's wrongful death statute of limitations or apply the UCLLA's "escape clause" to permit his Washington suit to go forward. We also hold that the Oregon statutes of limitations and repose do not violate the United States Constitution or the Oregon Constitution.[1]

## I

On August 3, 1994, Laura Fields had a Pap smear collected and analyzed at the Legacy Good Samaritan Hospital in Portland, Oregon. Defendant-appellee Legacy is the non-profit corporation that owns this hospital. On August 4, 1994, a hospital employee analyzed Laura Fields' Pap smear and concluded that it was "Within Normal Limits. Negative." The employee also noted that Laura Fields was pregnant. Raven Fields was born on March 19, 1995.

In 1995, the Fields family moved to Washington. On March 4, 1996, Laura Fields had another Pap smear and cervical biopsy. These procedures showed that she had cervical cancer. In 1997, Laura and George Fields filed a negligence claim against Legacy in the Circuit Court for the State of Oregon, and the parties eventually reached a settlement agreement whereby damages were paid in exchange for Laura and

---

[1]Because we affirm the Oregon district court's dismissal of George Fields' wrongful death suit, George Fields' claim that he is entitled to amend his complaint without leave under Federal Rule of Civil Procedure 15(a) is moot.

George Fields' release of "any and all claims" on behalf of themselves and their "heirs, executors and assigns."[2]

Laura Fields died on January 16, 2000, while a resident of Washington. Acting as personal representative of Laura Fields' estate, George Fields brought a diversity action against Legacy for wrongful death, bringing suit in the United States District Court for the Western District of Washington on December 23, 2002. He also filed an identical action in the United States District Court for the District of Oregon on January 13, 2003. Legacy moved to dismiss the Oregon action pursuant to Federal Rule of Civil Procedure 12(b)(6), and the Oregon federal district court granted its motion, dismissing George Fields' claim with prejudice on the ground that the suit was barred by Oregon's statute of limitations[3] and also

---

[2]Neither of the federal district courts addressed the scope of the release contained in this settlement agreement because they disposed of George Fields' actions based on Oregon's statutes of limitations and repose.

[3]Oregon Revised Statutes § 30.020(1), provides:

> When the death of a person is caused by the wrongful act or omission of another, the personal representative of the decedent, for the benefit of the decedent's surviving spouse [or] surviving children . . . may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission. The action shall be commenced within three years after the injury causing the death of the decedent is discovered or reasonably should have been discovered by the decedent, by the personal representative or by a person for whose benefit the action may be brought under this section if that person is not the wrongdoer. In no case may an action be commenced later than the earliest of:
>
> (a)  Three years after the death of the decedent; or
>
> (b)  The longest of any other period for commencing an action under a statute of ultimate repose that applies to the act or omission causing the injury, including but not limited to the statutes of ultimate repose provided for in ORS 12.110(4), 12.115, 12.135, 12.137 and 30.905.

was barred by Oregon's statute of repose.[4] The Washington federal district court decision followed, applying Oregon's statute of limitations and Oregon's statute of repose to dismiss George Fields' Washington action with prejudice. George Fields timely appealed the dismissals from both of the federal district courts, and we consolidated the cases for the purposes of appellate review because of the parallel issues.

## II

[1] We first address George Fields' argument that the district courts erred in applying Oregon's statutes of limitations and repose to dismiss his claims because, he argues, "Washington has by far the most compelling interest in having its wrongful death statute applied to this case." Federal courts sitting in diversity must apply "the forum state's choice of law rules to determine the controlling substantive law." *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002).[5] Although the Oregon

---

[4]The Oregon medical malpractice statute of ultimate repose, Or. Rev. Stat. § 12.110(4), provides:

An action to recover damages for injuries to the person arising from any medical . . . treatment, omission or operation shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered. However, notwithstanding the provisions of ORS 12.160 [the disability tolling statute], every [malpractice action] shall be commenced within five years from the date of treatment, omission or operation upon which the action is based . . . .

This five-year repose period is absolute in the absence of fraud, deceit, or a misleading representation, for which a statutory exception applies. *Urbick v. Suburban Med. Clinic, Inc.*, 918 P.2d 453, 455-56 (Or. Ct. App. 1996). It does not matter when the claim accrued, or even if it has accrued. *Id.* at 457.

[5]A dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. *Libas Ltd. v. Carillo*, 329 F.3d 1128, 1130 (9th Cir. 2003). All allegations of material fact are taken as true and viewed in the light most favorable to the non-movant. *Nat'l*

district court relied on grounds that we find unpersuasive, we affirm its decision to apply Oregon law because our choice of law analysis under Oregon law leads us to the same conclusion that Oregon law governs. We agree with the Washington district court's analysis and affirm its choice of Oregon law.

Oregon and Washington use the same bifurcated approach in dealing with conflict of law issues. Both states' laws require us to make a threshold determination that there is an actual conflict between the law of the forum and that of another state. *Portland Trailer & Equip., Inc. v. A-1 Freeman Moving & Storage, Inc.*, 49 P.3d 803, 806 (Or. Ct. App. 2002); *Rice v. Dow Chem. Co.*, 875 P.2d 1213, 1216 (Wash. 1994). If no material conflict exists between the laws or interests of the forum and the other state, we apply forum law. *Portland Trailer*, 49 P.3d at 806; *Rice*, 875 P.2d at 1216. If there is a conflict, we proceed to the next step of the analysis and apply the forum's choice of law test. *Portland Trailer*, 49 P.3d at 809; *Rice*, 875 P.2d at 1217.

The parties here identified a conflict between Washington and Oregon's wrongful death statutes of limitations.[6] The

---

*Ass'n for the Advancement of Psychoanalysis v. Cal. Bd.*, 228 F.3d 1043, 1049 (9th Cir. 2000). However, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Id.*

We review de novo a district court's choice of law decisions, *Abogados v. AT&T, Inc.*, 223 F.3d 932, 934 (9th Cir. 2000), as well as its interpretations of state law, *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1086 n.3 (9th Cir. 2003).

[6]Oregon requires wrongful death actions to be brought within three years from the date the injury causing death is discovered or reasonably should have been discovered. Or. Rev. Stat. § 30.020(1). On the other hand, Washington allows wrongful death actions based on medical malpractice claims to be brought within three years of the date of death. *Wills v. Kirkpatrick*, 785 P.2d 834, 837 (Wash. Ct. App. 1990) (holding that general statute of limitations in Wash. Rev. Code § 4.16.080(2) applies in wrongful death cases based on medical malpractice instead of the medical malpractice statute of limitations, Wash. Rev. Code § 4.16.350, because legislature did not intend to bar claims even before death triggered accrual of right to bring action); *see also* Wash. Rev. Code § 4.16.080(2).

Oregon district court accepted this conflict as one that satisfied the threshold requirement under Oregon's choice of law rules and proceeded to apply Oregon's choice of law test. The Washington district court, however, identified a conflict between the states' statutes of repose and conducted its choice of law analysis from that starting point.

**[2]** The Oregon district court erred in determining that a difference between Oregon's statute of limitations and that of another state can raise an actual conflict for the purposes of Oregon's choice of law analysis. Oregon, like Washington, has adopted the UCLLA, which states in pertinent part:

> (1)   Except as provided by ORS 12.450, if a claim is substantively based:
>
> (a)   Upon the law of one other state, the limitation period of that state applies; or
>
> (b)   Upon the law of more than one state, the limitation period of one of those states, chosen by the law of conflict of laws of this state, applies.
>
> (2)   The limitation period of this state applies to all other claims.

Or. Rev. Stat. § 12.430; *see also* Wash. Rev. Code § 4.18.020 (same). Under this provision, the initial determination courts must make in cases involving disputes over the relevant statute of limitations is which state's substantive law forms the basis of the plaintiff's claims. *Cropp v. Interstate Distrib. Co.*, 880 P.2d 464, 465 (Or. Ct. App. 1994); *Rice*, 875 P.2d at 1216. Once the court decides which state's substantive law governs, that state's statute of limitations applies. *Cropp*, 880 P.2d at 465; *Rice*, 875 P.2d at 1216. In other words, UCLLA states like Washington and Oregon treat statutes of limitations as procedural for the purposes of conflict of law analyses.

**[3]** On the other hand, Washington treats statutes of repose "as part of the body of a state's substantive law in making choice-of-law determinations."[7] *Rice*, 875 P.2d at 1217. Here, Oregon has a statute of repose that extinguishes all actions based on a claim of medical malpractice that are not brought within "five years from the date of the treatment, omission or operation upon which the action is based." Or. Rev. Stat. § 12.110(4). In *DeYoung v. Providence Medical Center*, 960 P.2d 919, 926 (Wash. 1998), however, the Washington State Supreme Court invalidated Washington's medical malpractice statute of repose. Because Oregon has an applicable statute of repose while Washington does not, there is a valid conflict between Oregon and Washington law that requires us to apply Washington's choice of law test. *See Rice*, 875 P.2d at 1217.

Oregon has yet to decide whether statutes of repose are substantive or procedural, but this does not affect our holding that Oregon law governs George Fields' Oregon action. If, as seems likely, the Oregon Supreme Court would consider Oregon's statutes of repose to be substantive,[8] then application of

---

[7]Although the distinction between statutes of limitations and statutes of repose is often blurred, statutes of limitations differ from statutes of repose because the former "bars plaintiff[s] from bringing an already accrued claim after a specified period of time," whereas the latter "terminates a right of action after a specific time, even if the injury has not yet occurred." *Rice*, 875 P.2d at 1216.

[8]The general weight of authority accepts the characterization of statutes of repose as substantive provisions in a choice of law context. *See, e.g.*, *Goad v. Celotex Corp.*, 831 F.2d 508, 511 (4th Cir. 1987); *Wayne v. Tenn. Valley Auth.*, 730 F.2d 392, 401-02 (5th Cir. 1984); *Pottratz v. Davis*, 588 F. Supp. 949, 952-53 (D. Md. 1984); *Nieman v. Press & Equip. Sales Co.*, 588 F. Supp. 650, 653 (S.D. Ohio 1984); *Berns Constr. Co. v. Miller*, 491 N.E.2d 565, 570 (Ind. Ct. App. 1986), *aff'd* 516 N.E.2d 1053 (Ind. 1987); *Harris v. Clinton Corn Processing Co.*, 360 N.W.2d 812, 816-17 (Iowa 1985); *Boudreau v. Baughman*, 368 S.E.2d 849, 857 (N.C. 1988); *DePaolo v. Dep't of Pub. Welfare*, 865 A.2d 299, 305 n.7 (Pa. Commw. Ct. 2005); *Rice*, 875 P.2d at 1217.

Oregon's choice of law test will lead to the conclusion that an Oregon court would apply Oregon law to the present case.[9]

Oregon and Washington both follow the Restatement (Second) of Conflict of Laws § 145 (1971) approach for determining what substantive law should apply in tort cases. *DeFoor v. Lematta*, 437 P.2d 107, 108 n.5 (Or. 1968); *Rice*, 875 P.2d at 1217. Under the Restatement, a court should consider the following contacts to determine which state has "the most significant relationship" to the case: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered. Restatement (Second) of Conflict of Laws § 145.

**[4]** Here, Oregon has the most significant contacts. The injury in this case was Laura Fields' misdiagnosis and inability to seek treatment, not her resulting death. The conduct causing the injury was Legacy's negligence in analyzing Laura Fields' pap smear, and this also occurred in Oregon. Legacy is an Oregon corporation that maintains its principal place of business in Oregon. Laura Fields was an Oregon resident when she sustained her injury of misdiagnosis, although she subsequently became a Washington resident and died leaving beneficiaries who are Washington residents. Finally, the relationship between Laura Fields and Legacy existed in Oregon while Laura Fields was undergoing treatment at Legacy's hospital. In sum, Washington has a few significant contacts with this case, but they are less significant than Oregon's contacts.

---

[9]If the Oregon State Supreme Court were to decide that statutes of repose are procedural, then Oregon's choice of law rules would lead to the same result, because "Oregon courts resolve procedural issues under Oregon law" in the conflict of laws context. *Manz v. Cont'l Am. Life Ins. Co.*, 843 P.2d 480, 481 (Or. Ct. App. 1993).

Also relevant to the Restatement's choice of law analysis is a determination of each state's interest in having its law apply. *DeFoor*, 437 P.2d at 109-10; *Johnson v. Spider Staging Corp.*, 555 P.2d 997, 1001-02 (Wash. 1976). George Fields contends that Washington's interest in seeing its residents compensated for an allegedly wrongful death is paramount. However, as both district courts noted, the Washington State Supreme Court has previously held that Washington's interest in seeing its residents compensated for injuries is not overriding where other contacts with Washington are minimal. *Rice*, 875 P.2d at 1218-19; *see also* Restatement (Second) of Conflict of Laws § 145 cmt. e ("that one of the parties is domiciled . . . in a given state will usually carry little weight of itself").

*Rice* is factually similar to this case: The plaintiff in *Rice* was diagnosed, while residing in Washington, with leukemia allegedly caused by his exposure to hazardous chemicals manufactured and sold by the defendant while he was working in Oregon. The Washington State Supreme Court applied Oregon's product liability statutes of limitations and repose to dismiss the action because the mere fact of residency in Washington alone was insufficient to warrant application of Washington law where the plaintiff's move to Washington did not extinguish Oregon's significant interest in allegedly dangerous products used within its boundaries. *Rice*, 875 P.2d at 1217-19. Moreover, the application of Oregon law achieved a uniform result for injuries caused by products used within the state and provided predictability for manufacturers whose products are used in Oregon. *Id.* at 1219.

**[5]** The same reasoning applies here. Oregon has a clear interest in the standard of medical care within its boundaries. Oregon has the ability to regulate the medical industry in the state. It also has an interest in protecting its medical providers from stale claims and the excessive financial burdens of litigating wrongful death claims. *See, e.g.*, *Johnson*, 555 P.2d at 1002. We hold that Oregon's statutes of repose and limita-

tions apply to George Fields' claim whether brought in Oregon or Washington.

## III

**[6]** Having concluded that Oregon law applies to both the Oregon and Washington actions, we next consider George Fields' argument that Oregon's statutes of limitations and repose do not bar the claim he is bringing on behalf of his child because "the anti-tolling provision in ORS 12.110(4) . . . is not incorporated into ORS 30.020." We reject this argument because the statutory text does not permit the interpretation urged by George Fields. Oregon Revised Statutes section 30.020(1)(b) expressly incorporates section 12.110(4), the medical malpractice statute of repose, which in turn expressly prohibits the use of the disability tolling statute, section 12.160.[10]

**[7]** Moreover, the plain language of the disability tolling statute, section 12.160,[11] limits its application to "action[s]

---

[10]Section 30.020(1) provides in pertinent part: "In no case may an action be commenced later than the earliest of: (a) Three years after the death of the decedent; or (b) The longest of any other period for commencing an action under a statute of ultimate repose that applies to the act or omission causing the injury, including but not limited to the statutes of ultimate repose provided for in ORS 12.110(4) . . . ."

Section 12.110(4) provides in pertinent part that, "notwithstanding the provisions of ORS 12.160 [the disability tolling statute], every [malpractice] action shall be commenced within five years from the date of the treatment, omission or operation upon which the action is based."

[11]The full text of Section 12.160 reads:

> If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS 12.010 to 12.050, 12.070 to 12.250 and 12.276 is within the age of 18 years or insane, the time of such disability shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases.

mentioned in ORS 12.010 to 12.050, 12.070 to 12.250 and 12.276." *See also Stupek v. Wyle Labs. Corp.*, 963 P.2d 678, 685 (Or. 1998) (holding that courts lacked authority to toll statutory discrimination claim for insanity where the claim was not enumerated in section 12.160 and anti-discrimination statute did not otherwise provide for tolling). The actions here appealed fall under Oregon's wrongful death statute, section 30.020, which is clearly not within the statutory ranges listed in section 12.160. Thus, we decline to apply section 12.160 to toll George Fields' wrongful death action.

## IV

George Fields also contends that, if we apply Oregon law, we should follow the "escape clause" provision in the UCLLA to allow his Washington case to go forward under Washington's statute of limitations.

[8] As noted above, Washington has adopted the UCLLA. Wash. Rev. Code §§ 4.18.010-.904. Section 4 of the UCLLA, which is codified at Washington Revised Code section 4.18.040, provides:

> If the court determines that the limitation period of another state applicable under [the Washington conflict of law borrowing statute and limitation period computation rules] is substantially different from the limitation period of this state and has not afforded a fair opportunity to sue upon, or imposes an unfair burden in defending against, the claim, the limitation period of this state applies.

This provision is an "escape clause," allowing a court to evaluate the disparate effect of a foreign statute of limitations and choose to apply a local limitations period to avoid unfairness. *Hein v. Taco Bell, Inc.*, 803 P.2d 329, 333-34 (Wash. Ct. App. 1991).

**[9]** Application of this "escape clause" to permit George Fields to avoid the Oregon statute of limitations does not resolve George Fields' problem because his claim would still be barred by Oregon's statute of repose. In other words, George Fields has to circumvent *both* Oregon's statute of limitations *and* its statute of repose in order to continue his action in the Washington district court, but the language of the "escape clause" covers only limitations periods and the Washington State Supreme Court expressly held in *Rice*, 875 P.2d at 1217, that statutes of repose are not the same as statutes of limitations for conflicts of law purposes. We conclude that George Fields' claim is time-barred by the statute of repose under Oregon law, notwithstanding the UCLLA's "escape clause."

## V

We now address George Fields' assertion that Oregon's wrongful death statutes of limitations and repose violate the equal protection and due process clauses of the United States Constitution.

## 1

George Fields argues that the Oregon wrongful death statutes of limitations and repose violate equal protection because they impermissibly discriminate between claimants whose decedents happen to live for more than three years after discovering the injury causing the death and five years of sustaining the injury causing death, as in Laura's case, and claimants whose decedents die within three years of discovering the injury causing death and five years of sustaining the injury causing death.

**[10]** The appropriate level of equal protection review in this case is the "rational basis test," which applies to challenges of legislative acts that neither affect the exercise of fundamental rights, nor classify persons based on protected characteristics,

such as race, alienage, national origin, or sex. *See, e.g.*, *Silveira v. Lockyer*, 312 F.3d 1052, 1088 (9th Cir.), *cert. denied*, 540 U.S. 1046 (2003). Under this test, statutes are generally "presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *Id.* (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985)). In essence, a legislative classification subject to rational basis scrutiny "must be 'wholly irrational' to violate equal protection." *De Martinez v. Ashcroft*, 374 F.3d 759, 764 (9th Cir. 2004). The challenger bears the burden of negating every conceivable basis which might support the legislative classification, whether or not the basis has a foundation in the record. *Id.*

**[11]** Here, the classifications made in the Oregon statutes of limitations and repose are rationally related to the legitimate legislative ends of avoiding stale claims and limiting the costs of litigation and medical care. *See Jones v. Salem Hosp.*, 762 P.2d 303, 309 (Or. Ct. App. 1988) (noting that Oregon's medical malpractice repose statute was "enacted in response to the so called 'medical malpractice crisis' "). The statutes at issue here withstand equal protection scrutiny under the United States Constitution. *See Nored v. Blehm*, 743 F.2d 1386, 1387 (9th Cir. 1984) (per curiam) (upholding the constitutionality of a similar Oregon statute of limitations in the face of an equal protection challenge); *Sealey v. Hicks*, 788 P.2d 435, 441 (Or. 1990) (holding that similar Oregon product liability statute of repose does not violate federal equal protection clause), *abrogated on other grounds by Smothers v. Gresham Transfer Inc.*, 23 P.3d 333 (Or. 2001).

**2**

George Fields further argues that the Oregon statutes of limitations and repose violate the substantive and procedural aspects of the due process clause of the United States Constitution. These claims must fail.

**[12]** First, for the purposes of substantive due process review, state actions that implicate anything less than a fundamental right require only that the government demonstrate "a *reasonable relation* to a legitimate state interest to justify the action." *Doe v. Tandeske,* 361 F.3d 594, 597 (9th Cir. 2004) (per curiam), *cert. denied*, 125 S. Ct 56 (2004) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 722 (1997). This is the appropriate standard of review for this case as Oregon's wrongful death statutes do not implicate any of the "personal activities and decisions" the Supreme Court has identified as being "deeply rooted in our history and traditions" or "fundamental to our concept of constitutionally ordered liberty." *Id.* at 596 (citing *Glucksberg*, 521 U.S. at 727 & n.19, which listed marriage, family association, and procreation as fundamental activities).

**[13]** Applying this deferential standard of review, we conclude that Oregon's statutes of limitations and repose do not violate George Fields' rights to substantive due process because, as explained above, the statutes are rationally related to the legitimate legislative goals of avoiding stale claims and limiting the costs of litigation and malpractice claims.

**[14]** We reach the same result under a procedural due process analysis. Although his briefing is unclear on this point, it appears that George Fields' procedural due process argument rests on the theory that he has been deprived of a property right in his "remedy" or cause of action without due process of law.

Causes of action are a species of property protected by the Fourteenth Amendment's Due Process Clause. *Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1086 (9th Cir. 2001); *Zavala v. United States*, 876 F.2d 780, 784 (9th Cir. 1989); *Austin v. City of Bisbee*, 855 F.2d 1429, 1435 (9th Cir. 1988). However, "a party's property right in any cause of action does not vest until a final *unreviewable* judgment is obtained." *Lyon*, 252 F.3d at 1086; *see also Austin*, 855 F.2d at 1436 (explaining

that, although a cause of action is a species of property, "it is inchoate and affords no definite or enforceable property right until reduced to final judgment"). Thus we previously rejected similar procedural due process challenges to statutes cutting off the right to sue on this ground. *See, e.g.*, *Austin*, 855 F.2d at 1436 (holding that retroactive application of amendments to bar plaintiff from pursuing suit commenced prior to effective date of amendments did not violate procedural due process because plaintiff had not yet obtained a final judgment).

Moreover, even assuming that George Fields has a cognizable property right in his cause of action, his procedural due process challenge fails because it is well established that the legislature can adjust the benefits and burdens of our economic lives as long as it does not behave in an arbitrary and irrational way. *Lyon*, 252 F.3d at 1086; *Austin*, 855 F.2d at 1436 (explaining that economic legislation "come[s] to the Court with a presumption of constitutionality, and . . . the burden is on [the complainant] to establish that the legislature has acted in an arbitrary and irrational way").

**[15]** We have upheld statutes of repose where we determined that the legislature was pursuing a rational policy in enacting them. *Lyon*, 252 F.3d at 1086 (holding that retroactively applying repose statute to cut off claims that accrued before its enactment did not violate procedural due process because legislature was acting to further rational goal of revitalizing flagging aircraft industry). The Oregon statute of ultimate repose, Oregon Revised Statutes section 12.110(4), was a rational legislative response to the medical malpractice crisis and to the problem of stale claims. Accordingly, we sustain it in the face of George Fields' procedural due process challenge.

**[16]** Courts will generally uphold a statute of limitations against a due process challenge as long as the plaintiff is accorded a reasonable time, under all the circumstances, to bring suit before the bar takes effect. *See, e.g.*, *Wheeler v.*

*Jackson*, 137 U.S. 245, 255-58 (1890) (holding that statute authorizing cancellation of realty sales records where purchaser failed to compel conveyance within eight years did not deprive the purchaser of property rights because purchaser's "property" was right to conveyance, and cancellation under such circumstances was simply a reasonable limitation imposed on enforcement of that right[12]); *Brackney v. Combustion Eng'g, Inc.*, 674 F.2d 812, 815 (9th Cir. 1982) (rejecting due process challenge to retroactive application of state statute limiting tolling for disability to six years to bar cause of action which accrued prior to its effective date); *Pittman v. United States*, 341 F.2d 739, 741 (9th Cir. 1965) (holding that application of two-year limitations period to minor's claim did not violate due process even though minor had no guardian ad litem at the time the period ran).

Here, the challenged statute of limitations, Oregon Revised Statutes section 30.020(1), provides that wrongful death actions must be brought within three years of the date the injury causing death was discovered. Since Laura Fields' misdiagnosis was discovered on March 4, 1996, George Fields would have had to file this action by March 4, 1999, in order to avoid the statute of limitations bar. The problem, of course, as George Fields has pointed out, is that in this case, the statute of limitations eliminated his right to bring this wrongful death suit even before Laura Fields died on January 16, 2000. Consequently, George Fields characterizes Oregon's wrongful death scheme as "nonsensical" and "irrational" because it "re-

---

[12]In so holding, the Supreme Court stated:

> It is the settled doctrine of this court that the legislature may prescribe a limitation for the bringing of suits where none previously existed, as well as shorten the time within which suits to enforce existing causes of action may be commenced, provided, in each case, a reasonable time, taking all the circumstances into consideration, be given by the new law for the commencement of suit before the bar takes effect.

*Wheeler*, 137 U.S. at 255.

wards beneficiaries of the injured person who dies within the statute of limitations . . . while harming the hopeful beneficiaries of an injured person who [can]not file a claim before the injured person dies." However, we are not persuaded.

Section 30.020(1) provides a remedy for a decedent's beneficiaries only "if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission." As the Oregon Supreme Court explained in *Storm v. McClung*, it essentially places a decedent's personal representative in the decedent's shoes, imputing to the representative whatever rights and limitations to those rights the decedent himself possessed. 47 P.3d 476, 482 (Or. 2002) (holding that beneficiaries of volunteer killed while working for city were barred from bringing a wrongful death action because the accident was already covered by Oregon's workers' compensation law and there was a statute immunizing public bodies from liability for such covered claims that would have precluded the volunteer himself from suing the city for negligence). In other words, because "ORS 30.020(1), by its own terms, does not give a decedent's personal representative a right to sue [a tortfeasor] for negligent wrongful death when the decedent never had that right in the first place," a beneficiary's wrongful death action under Oregon Revised Statutes section 30.020(1) is derivative of the decedent's right to sue for the same injury when alive. *Id.* at 481.

**[17]** Given that Oregon's wrongful death statute is intended to allow beneficiaries to recover only the compensation that was otherwise due the decedent, the fact that the statute of limitations eliminated George Fields' wrongful death claims as a representative of the estate of Laura Fields, even before they accrued does not lead to an unusually "harsh" result in this case because Laura Fields already lived long enough to bring suit herself and recover a settlement award.[13] In light of

---

[13]George Fields errs in maintaining that we cannot consider the settlement agreement because the district courts declined to do so and because

*Storm* we hold that the Oregon statute of limitations was reasonable as applied in this case.

## VI

[18] We finally consider George Fields' request that we certify to the Oregon Supreme Court the questions whether Oregon's wrongful death scheme violates the Oregon Constitution's remedy clause and its privileges and immunities clause. We decline to exercise our discretion to certify these questions because "controlling precedent," Or. Rev. Stat. § 28.200, is available to guide us. *See W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 811 P.2d 627, 631 (Or. 1991) (explaining that the existence of controlling Oregon precedent for a certified question is one of the most important factors militating against the Oregon Supreme Court's discretionary acceptance of the certified question); *see also Kremen v. Cohen*, 325 F.3d 1035, 1037-38 (9th Cir. 2003) (noting that we have discretion whether to certify a question of state law

---

it is extrinsic to the complaint. We can affirm a dismissal for failure to state a claim on any proper ground supported by the record even if the district court did not consider the issue. *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001). Additionally, while our review of a 12(b)(6) dismissal is generally limited to the contents of the complaint, *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997), we can consider an extrinsic document if it is integral to the plaintiff's claims and its authenticity is undisputed, because in such cases the plaintiff "obviously is on notice of the contents of the document and the need for a chance to refute evidence is greatly diminished." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 & n.4 (9th Cir. 1998) (holding that it was permissible for district court entertaining 12(b)(6) motion to consider group insurance application offered by defendant in action alleging improper denial of benefits). Thus we can consider the settlement agreement as demonstrating that Laura Fields had a reasonable time to bring suit on the injury, as she in fact did so and gained some recovery. However, we decline to interpret in the first instance the scope of the release entered by the parties by their settlement agreement of January 9, 1998; the scope of the release has never been addressed by either federal district court, and we consider the record inadequate for our conclusive interpretation of the release.

and that the "certification procedure is reserved for state law questions that present significant issues . . . and that have not yet been resolved by the state courts").

George Fields contends that Oregon's wrongful death statute of limitations, Or. Rev. Stat. § 30.020, and medical malpractice statute of repose, Or. Rev. Stat. § 12.110(4), violate the state constitution's remedy clause, which provides that "every man shall have remedy by due course of law for injury done him in his person, property, or reputation." Or. Const. art. I, § 10.

George Fields' key assertions with respect to his remedy clause claim are that wrongful death actions existed in Oregon at common law at the time the state constitution was adopted in 1857 and that the state legislature lacks the authority to deny a remedy for injury to the kinds of rights that existed then. Two lines of controlling Oregon precedent dictate that, under current law, we must reject George Fields' assertions.

First, the Oregon Supreme Court has held repeatedly that, in Oregon, the right of action for wrongful death is purely statutory and that in Oregon there was no right of action for wrongful death at common law. *Storm*, 47 P.3d at 479-82; *Smothers*, 23 P.3d at 358; *Lakin v. Senco Prods., Inc.*, 987 P.2d 463, 472 (Or.), *op. clarified by* 987 P.2d 476 (Or. 1999); *Kilminster v. Day Mgmt. Corp.*, 919 P.2d 474, 479 (Or. 1996); *Greist v. Phillips*, 906 P.2d 789, 796 (Or. 1995); *Hughes v. White (In re Estate of White)*, 609 P.2d 365, 368 (Or. 1980); *Goheen v. Gen. Motors Corp.*, 502 P.2d 223, 226 (Or. 1972); *Richard v. Slate*, 396 P.2d 900, 901 (Or. 1964), *superseded by statute on other grounds as stated in Rennie v. Pozzi*, 656 P.2d 934, 938 (Or. 1982); *see also Perham v. Portland Gen. Elec. Co.*, 53 P. 14, 18 (Or. 1898) (recognizing that wrongful death is a "new right of action" created by statute); *Putman v. S. Pac. Co.*, 27 P. 1033, 1033-34 (Or. 1891) (same). Under these precedents, Oregon Revised Statutes sec-

tion 30.020 and Oregon Revised Statutes section 12.110(4) do not violate Article I, section 10.

Second, the Oregon Court of Appeals has held that *even if* a common law claim for wrongful death existed in Oregon in 1857, so did a pre-existing territorial law containing a six-year statute of limitations and statute of repose that accrued at the time of the occurrence of the tortious act. *Barke v. Maeyens*, 31 P.3d 1133, 1138 (Or. App. 2001), *rev. denied*, 45 P.3d 448 (Or. 2002) (citing Statutes of Oregon 1854, Act for the Limitation of Actions, ch. 1, § 4, p.171). In *Barke*, the court measured the statute of repose under both the territorial law and Oregon Revised Statutes section 12.110(4) from the date of the allegedly negligent medical treatment by the defendant. Because the plaintiff's action was commenced more than six years later, the court ruled that any action at common law would already have been barred by the law as it existed when the framers adopted Article I, section 10. *Id.* at 1139. Accordingly, there could be no constitutional violation. *Id.* In this case, the breach of duty that resulted in Laura Fields' death occurred on August 3, 1994, but no wrongful death action was filed until December 23, 2002, more than six years later. As in *Barke*, then, there could be no constitutional violation.

The Oregon Supreme Court will not exercise its discretion to consider a certified question unless, among other requirements, "there is no controlling precedent in the decisions of the Supreme Court and the intermediate appellate courts of this state." Or. Rev. Stat. § 28.200. We therefore must consider cases of the Oregon Court of Appeals before deciding to certify a question to the Oregon Supreme Court. *W. Helicopter*, 811 P.2d at 631. *Barke*, a decision by the Oregon Court of Appeals, holds that Oregon's wrongful death statutes of limitations and repose, as applied here, do not violate Article I, section 10, of the Oregon Constitution. In view of that holding, we decline to certify to the Oregon Supreme Court the remedy clause question framed by George Fields.

We also decline to certify the question urged by George Fields of whether Oregon's wrongful death statutory scheme violates the Oregon Constitution's privileges and immunities clause. Article I, section 20 of the Oregon Constitution provides that: "No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens." George Fields argues that Oregon's wrongful death statute of limitations and statute of repose violate Article I, section 20 because they impermissibly discriminate between classes of wrongful death claimants whose decedents happen to survive more than three years after discovery of the injury causing the death, as in Laura Fields' case, and claimants whose decedents died within three years of discovering the injury causing death.

The Oregon Supreme Court rejected a challenge to a very similar classification in *Sealey*, 788 P.2d at 440. The *Sealey* plaintiff argued that Oregon's products liability statute of repose, which required products liability cases to be brought within eight years after the date of purchase, violated the state privileges and immunities clause because it denied persons injured by products more than eight years after their initial sale the same legal claims as persons injured by products sold more recently.

The *Sealey* court stated:

> The question is whether plaintiff is a member of a class, some of whom have been denied a privilege or immunity granted to others in the same class, or whether the manufacturers and sellers of products have been granted a privilege or immunity not available equally to others in the same class. In evaluating whether a class exists under Article I, section 20, we must first determine *whether the class is created by the challenged law itself or by virtue of characteristics apart from the law in question.*

*Id.* (internal citation, quotation marks and ellipsis omitted; emphasis added).

Applying this standard, the *Sealey* court held that the classes alleged by the plaintiff were improper because they were "clearly classes 'created by the challenged law itself.' " *Id.* The court further explained that, "*[a]ny* statute of repose, by setting a time limit beyond which the legislature declines to recognize the existence of a legal injury, will divide tortfeasors and their victims into classes based upon those time limits. However, such a decision is within the purview of the legislature." *Id.* (emphasis added). *See also Van Wormer v. City of Salem*, 788 P.2d 443, 446 (Or. 1990) (rejecting challenge to a classification which "exist[ed] only because the statutory scheme of which it [wa]s a part exist[ed]" and which was "not based on any *ad hominem* characteristic, such as race, sex or religious affiliation, of [class] members").

The allegedly unconstitutional classification here is similarly based on the time limits the Oregon statutes impose on wrongful death claimants, rather than on any personal characteristics of wrongful death claimants whose decedents happen to survive more than three years after discovering the injury causing their deaths. Thus, there is no open question under Oregon case law about whether George Fields has identified an actionable class under the Oregon Constitution's privileges and immunities clause. We therefore decline to certify this issue for the Oregon Supreme Court's consideration.

## VII

We affirm the district courts' choice of Oregon law, decline to toll Oregon's wrongful death statute of limitations, and conclude that the UCLLA's "escape clause" does not permit George Fields to proceed with his action in the Washington district court. We also hold that the Oregon statutes of limitations and repose violate neither the United States Constitution nor the Oregon Constitution.

**AFFIRMED**.

GOULD, Circuit Judge, concurring:

I write separately and additionally to express regret that we have no ability, in this diversity case, to reexamine controlling Oregon precedent on the state constitutional remedy clause issue and to allow a remedy to be given to the decedent's daughter. The Oregon Supreme Court and its intermediate appellate courts have consistently held that there was no common law right to recover for wrongful death. The Oregon Supreme Court has twice expressed misgivings about its precedent. *Storm v. McClung*, 47 P.3d 476, 482 & n.4 (Or. 2002) (explaining that "[t]his court has previously has been apprised of the questionable premise underlying the widely held view that there was no common-law action for wrongful death [and] acknowledged as much" but declining to consider the question because it "is beside the point in this case"); *Goheen v. Gen. Motors Corp.*, 502 P.2d 223, 225-27 (Or. 1972) (reviewing history of wrongful death actions in Oregon and stating that "[a]lthough there may be some merit in that view [that Oregon had a common law right of action for wrongful death], our own previous decisions are to the contrary, and we prefer to rest our decision in this case on other grounds"). Nonetheless, the Oregon Supreme Court has not expressly overruled its prior precedent, and we are not at liberty to alter a state's established case law on a state law issue. It is further regrettable that we cannot properly tender the remedy clause issue to the Oregon Supreme Court for its decision, because the Oregon Supreme Court has been explicit in setting its certification guidelines, and under those standards this issue may not now be certified. If change is to come in Oregon's state law, bringing Oregon into alignment with the growing number of other jurisdictions that recognize a common law wrongful death action, *LaFage v. Jani*, 766 A.2d 1066, 1079 (N.J. 2001); *Haakanson v. Wakefield Seafoods, Inc.*, 600 P.2d 1087, 1092 & n.11 (Alaska 1979); *Wilbon v. D. F. Bast Co.*, 382 N.E.2d 784, 785-87 (Ill. 1978); *Rohlfing v. Moses Akiona, Ltd.*, 369 P.2d 96 (Haw. 1961), *overruled on other grounds by Greene v. Texeira*, 505 P.2d 1169 (Haw. 1973);

*Gaudette v. Webb*, 284 N.E.2d 222, 229 (Mass. 1972), it must come by action of the Oregon Supreme Court, and not from this Court.