**Matt LECHNER, Plaintiff—Appellant,**

v.

**CAPITAL GROUP COMPANIES, INC., d/b/a Capital Guardian, Capital Guardian Trust, Capital International, Capital Research and Management, Capital Bank and Trust and American Funds; et al., Defendants—Appellees.**

No. 07–56859.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009 *.

Filed July 8, 2009.

Matt Lechner, Pound Ridge, NY, for Plaintiff–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gareth T. Evans, Esq., Gibson Dunn & Crutcher, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: PAEZ, TALLMAN, and N.R. SMITH, *Circuit Judges.*

MEMORANDUM **

Matt Lechner, a former investment broker, appeals pro se from the district court's summary judgment for Capital Group Companies, Inc., in Lechner's diversity action alleging, inter alia, breach of contract and unjust enrichment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Glenn K. Jackson Inc. v. Roe,* 273 F.3d 1192, 1196 (9th Cir. 2001), and we affirm.

The district court properly determined that Lechner's claims were barred under California's two-year statute of limitations. *See* Cal.Civ.Proc.Code § 339; *Fields v. Legacy Health System,* 413 F.3d 943 (9th Cir.2005) (affirming summary judgment in diversity action where claims were filed beyond statute of limitations).

Contrary to Lechner's contention, the defendants pleaded the affirmative defense of statute of limitations in their answer and therefore did not waive the defense. *See* Fed.R.Civ.P. 8(c). In any event, Lechner does not explain how he was prejudiced by defendant raising the dispositive defense in its motion for summary judg-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ment. *See Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir.2001) ("[Plaintiff] may not demonstrate prejudice based solely on the untimely assertion of [an affirmative defense] because this affirmative defense would have been dispositive had [defendant] asserted it when the action was filed.").

The district court did not err by granting summary judgment even though Lechner was dissatisfied with defendants' responses to his discovery requests, because Lechner never filed a motion pursuant to Fed.R.Civ.P. 56(f) explaining what evidence he sought that might have prevented summary judgment. *See Chance v. Pac–Tel Teletrac Inc.*, 242 F.3d 1151, 1161 (9th Cir.2001).

Contrary to Lechner's assertion, this court did not previously rule on the underlying merits of his claims; we held only that Lechner's allegations gave Capital Group Companies fair notice of what Lechner's claims were, and stated claims upon which relief *could* have been granted.

Lechner's remaining contentions lack merit.

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.